GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
WENDY M. MANTELL (SBN 225544)
LORI CHANG (SBN 228142)
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email:  ballon@gtlaw.com, mantellw@gtlaw.com,
changl@gtlaw.com

Attorneys for defendants
Rapidshare AG, Christian Schmid, and Bobby Chang

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>RAPIDSHARE A.G., a corporation, CHRISTIAN SCHMID; BOBBY CHANG; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. 09 CV 2596 H (WMC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Filed concurrently with Notice of Motion and Motion; Declarations of L. Pfaff, D. Raimer, B. Hess, and L. Chang]<br><br>DATE:  May 10, 2010<br>TIME:   10:30 a.m.<br>CTRM:  13<br>JUDGE:  Hon. Marilyn L. Huff<br><br>DATE FILED:  November 18, 2009<br>TRIAL DATE:  None Set |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................... 1

II.   STATEMENT OF FACTS....................................................................................... 4

    A.   The Complaint Does Not Point To California As The Location Of
        Activities Or Events Associated With The Alleged Infringement................. 4

    B.   RapidShare Is A File-Hosting Service Based In Europe That
        Provides Online Storage To Users. ................................................................ 5

    C.   Bobby Chang And Christian Schmid Are German Citizens Who
        Reside In Switzerland And Have No Ties Or Relations To
        California. ....................................................................................................... 8

III.  ARGUMENT .......................................................................................................... 9

    A.   Perfect 10 Bears The Burden To Show That "Minimum Contacts"
        Exist Between Defendants And California. .................................................... 9

    B.   Defendants' Contacts Are Too Attenuated To Support Either
        General Or Specific Jurisdiction. ................................................................ 10

        1.   Defendants have not engaged in any activities expressly aimed
                at California. ...................................................................................... 11

        2.   Perfect 10's lawsuit is based on the acts of third-party users and
                does not arise out of defendants' contacts. ........................................ 16

        3.   It would be unreasonable to exercise jurisdiction over
                defendants. ......................................................................................... 16

IV.   CONCLUSION ..................................................................................................... 20

MEMORANDUM RE:  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION -- CASE NO. 09CV2596

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Asahi Metal Indus. v. Superior Court,*
    480 U.S. 102 (1987)................................................................ 1, 14

*AT & T v. Compagnie Bruxelles Lambert,*
    94 F.3d 586 (9th Cir. 1996)........................................................ 16

*Brand v. Menlove Dodge,*
    796 F.2d 1070 (9th Cir. 1986)..................................................... 10

*Calder v. Jones,*
    465 U.S. 783 (1984)....................................................... 1, 12, 13, 14

*Chem Lab Products, Inc. v. Stepanek,*
    554 F. 2d 371 (9th Cir. 1977)...................................................... 10

*Chirila v. Conforte,*
    47 Fed. Appx. 838 (9th Cir. 2002)................................................ 15

*Core-Vent Corp. v. Nobel Industries AB,*
    11 F.3d 1482 (9th Cir. 1993)........................................... 10, 11, 17, 18

*Cybersell, Inc. v. Cybersell, Inc.,*
    130 F.3d 414 (9th Cir. 1997)....................................................... 13

*Doe v. Am. Nat'l Red Cross,*
    112 F.3d 1048 (9th Cir. 1997)................................................. 15, 16

*Doe v. Geller,*
    533 F. Supp. 2d 996 (N.D. Cal. 2008) ................................... 13, 17, 19

*Doe v. Unocal Corp.,*
    248 F.3d 915 (9th Cir. 2001)....................................................... 12

*Dole Food Co., Inc. v. Watts,*
    303 F.3d 1104 (9th Cir. 2002)..................................................... 12

*Douglas Furniture Co. of Cal., Inc. v. Wood Dimensions, Inc.,*
    963 F. Supp. 899 (C.D. Cal. 1997) ................................................ 4

*FDIC v. British-Am. Ins. Co., Ltd.,*
    828 F.2d 1439 (9th Cir. 1987)...................................................... 19

*Hanson v. Denkla,*
    357 U.S. 235 (1958) .......................................................... 2, 12, 14

ii

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ................................................ 11

*Holland Am. Line inc. v. Wärtsilä N. Am., Inc.,*
    485 F.3d 450 (9th Cir. 2007) .................................... 14

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ................................................ 10

*Lake v. Lake,*
    817 F.2d 1416 (9th Cir. 1987) ............................ 11, 16

*Mullally v. Jones,*
    2007 WL 674294 (D. Nev. Feb. 28, 2007) ................ 15

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004) ............................. passim

*Shute v. Carnival Cruise Lines,*
    897 F.2d 377 (9th Cir. 1990) .................................... 19

*United Heritage Life Ins. Co. v. First Matrix Inv. Services Corp.,*
    2009 WL 1850335 (D. Idaho June 26, 2009) ........... 16

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980) ................................. 1, 10, 12, 20

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,*
    433 F.3d 1199 (9th Cir. 2006) .................................. 13

**State Statutes**

Cal. Code Civ. Proc. § 410.10 ....................................... 10

# I.   INTRODUCTION

RapidShare AG, a Swiss company, and two of its executives, Christian Schmid and Bobby Chang, who are German citizens and Swiss residents, move to dismiss the claims asserted against them on the basis that the Court lacks personal jurisdiction. Plaintiff Perfect 10, Inc. alleges that unidentified third parties posted unauthorized copies of its photographs of naked women on RapidShare's Internet site, which is hosted on servers based in Germany.   Defendants have no property or business interests in California, and did not target the alleged misconduct at issue in this case at California. Instead, the alleged acts of infringement at issue in this case were undertaken, if at all, by third party users who violated RapidShare's Conditions of Use, without defendants' knowledge or consent (let alone the kind of volitional targeting required to support minimum contacts). Indeed, defendants Schmid and Chang never even heard of Perfect 10 before they were sued in this case.

The jurisdictional grounds for suing RapidShare appears to be negligence or strict liability, which is improper under the effects test of *Calder v. Jones,* 465 U.S. 783 (1984) and *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 805 (9th Cir. 2004), or the kind of general forseeability (*i.e.,* that by operating over the Internet it was forseeable that an injury could occur in California) that has long been rejected by the U.S. Supreme Court in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980) (rejecting the assertion of jurisdiction in Oklahoma, even though it was forseeable that cars sold by defendants would be used throughout the United States and could end up causing injury in that state) and *Asahi Metal Indus. v. Superior Court,* 480 U.S. 102, 112 (1987) (rejecting jurisdiction over a Japanese company that sold tire valve assemblies to a company in Taiwan that it knew incorporated the valves into tires, 20% of which consistently were shipped to California, in a suit arising out of or relating to alleged defects in those parts).   The contacts that RapidShare has with California are limited (primarily a license for movie trailers from Warner Brothers in Germany, which are not at issue in this suit), and Perfect 10's claims do not arise out of or relate to them.  With

1

1  respect to defendants Schmid and Chang, any connection to California is simply
2  nonexistent.

3      Perfect 10 seeks to hale RapidShare, Schmid and Chang into a California court
4  based on activities and events that were not even alleged to have occurred within or been
5  expressly aimed at this forum.  The only specific forum-related contact alleged in the
6  complaint pertains to the plaintiff itself; namely, that Perfect 10 is a California
7  corporation.   (Compl. ¶ 4.)   There are no allegations that connect the individual
8  defendants, Schmid and Chang, to California other than the boilerplate, conclusory
9  assertion that all "Defendants knowingly transact business and enter into contracts with
10 individuals in California, including within the County of San Diego" (Compl. ¶ 3) -- an
11 allegation that is refuted below and by defendants' declarations filed in support of this
12 Motion.

13     Messrs. Schmid and Chang are officers of RapidShare AG, a Swiss company
14 headquartered in Cham, Switzerland, that operates a file-hosting website that, like almost
15 all other websites, can be freely accessed by users throughout the world.  Jurisdiction,
16 however, may not be based solely on the fact that a foreign website is potentially
17 accessible in the jurisdiction.

18     Perfect 10 has sued defendants ostensibly because third parties (the "Affiliates"
19 and "Doe" defendants[1]) have allegedly infringed Perfect 10's copyrights by creating files
20 containing unauthorized copyrighted images, which have been saved and then made
21 available for downloads from the servers used by RapidShare -- all in violation of
22 RapidShare's Conditions of Use.  However, none of these third-party acts, which form
23 the basis of Perfect 10's claims, were specifically alleged to have occurred within
24 California.    Perfect 10 has not identified the so-called Affiliates, or alleged their

25
26

27 [1] *See Hanson v. Denkla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who
28 claim some relationship with a nonresident defendant cannot satisfy the requirement of
   contact with the forum State.").

2

whereabouts.[2]  Perfect 10 also has not alleged the location of where the files were uploaded and/or subsequently downloaded.  Moreover, RapidShare itself (which does not maintain any offices or employees in California) does not distribute user files; it simply maintains a virtual storage locker where a user can upload files from a personal computer onto servers (that are located in Germany) from which the files can be retrieved by the user or others to whom the user has given access by clicking on download links associated with each file.  The actual uploading, and downloading of files are activities exclusively performed by third-party users.  The relevant contacts are therefore too attenuated to give rise to personal jurisdiction over defendants.

Further, defendants have not themselves uploaded, downloaded, or otherwise distributed files containing copyrighted work belonging to Perfect 10.  RapidShare provides storage space and a means to transfer electronic files, but neither it nor Schmid and Chang are the primary participants who have engaged in the alleged wrongdoings. To assert personal jurisdiction over defendants, the Court would have to conclude that defendants purposefully directed their out-of-state activities towards California via the unilateral conduct of third party "Affiliates" -- a determination that is not supported by either law or facts.

Finally, even if purposeful availment could be based on such tenuous contacts, it would be unfair and unreasonable to compel defendants to defend themselves before a foreign court and against foreign laws, where defendants have no ties or relations with California or Perfect 10 itself.

Accordingly, and as further set forth below, defendants' Motion should be granted with prejudice against Perfect 10.

---

[2] RapidShare does not have an affiliate program.  Declaration of Lutz Pfaff, ¶ 3.  The images at issue were posted by unnamed third party users of RapidShare -- presumably Perfect 10's own subscribers who got the images from the Perfect 10 website.

3

## II.   STATEMENT OF FACTS

### A.   The Complaint Does Not Point To California As The Location Of Activities Or Events Associated With The Alleged Infringement.

As an initial matter, Perfect 10's complaint fails to allege sufficient facts to confer personal jurisdiction over defendants. The complaint alleges only two things that make California relevant: (1) Perfect 10 is incorporated here (Compl. ¶ 4); and (2) defendants have supposedly "transact[ed] business and enter[ed] into contracts" with Californians (Compl. ¶ 3) -- an allegation that by itself is inconsequential where the contacts do not relate to the claims at issue, and for which turns out not to be true for the individual defendants, Schmid and Chang, as explained below.[3]   Neither of these allegations sufficiently confer jurisdiction where the claims are based on the activities of users who abuse RapidShare's online storage site.

A close reading of the complaint reveals that the contacts that give rise to the actual alleged infringement are those of the third-party users or "Affiliates" who store and make available for downloads by others files that contain copyrighted material. *See* Compl. ¶ 20. However, the complaint does not allege facts that tell where any of these "contacts" occurred, such as the location of these third parties, or whether infringing files were uploaded or downloaded in California. Yet even if those third-party activities occurred within California, the actions of defendants themselves, or of RapidShare for that matter, neither took place in California nor were purposefully directed towards this forum.   Indeed, although the complaint obviously attempts to be ambiguous or misleading about defendants' activities, Perfect 10 nonetheless acknowledges that all

---

[3] Though not alleged in the complaint, RapidShare has entered into a license agreement with Warner Brothers to store movie trailers (primarily in German) provided to RapidShare by Warner Brothers in Germany. Chang Dec., ¶ 13. However, this is of no consequence as the plaintiff's lawsuit is not one based on contract, and none of Perfect 10's allegations arise out of RapidShare's relationship with Warner Brothers. *See Douglas Furniture Co. of Cal., Inc. v. Wood Dimensions, Inc.*, 963 F. Supp. 899, 902 (C.D. Cal. 1997) ("In cases arising from contract disputes, however, merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction").

4

1  three defendants are located in Switzerland. *See* Compl. ¶ 5. (Schmid is also alleged as
2  the owner of www.rapidshare.de, which uses the German top-level domain and is
3  referred to in the complaint as the "foreign" website. Compl. ¶ 19.) It also alleges that
4  RapidShare's websites are "accessible in the United States and throughout the world"
5  (Compl. ¶ 19), but that hardly demonstrates contacts aimed at California. And although
6  Perfect 10 alleges that the infringing files are stored on servers used by RapidShare
7  (Compl. ¶ 19), those servers are located in Germany, not California.

8    Notwithstanding the complaint's allegations, the evidence confirms that
9  RapidShare's contacts with California are inconsequential -- as they are minimal and do
10  not arise out of or relate to Perfect 10's claims -- and that defendants Schmid's and
11  Chang's contacts with California are nonexistent.

12    **B.    RapidShare Is A File-Hosting Service Based In Europe That Provides**
13         **Online Storage To Users.**

14    RapidShare is a Swiss company that operates a file-hosting website.[4]  *See*
15  Declaration of Bobby Chang ("Chang Dec."), ¶ 10; Declaration of Lutz Pfaff ("Pfaff
16  Dec."), ¶4. Christian Schmid and Bobby Chang are two of its officers.[5]  *See* Chang Dec.,
17  ¶ 1; Declaration of Christian Schmid ("Schmid Dec."), ¶ 1. RapidShare currently
18  employs a staff of approximately 50, including Schmid and Chang, none of whom reside
19  or are domiciled in California or elsewhere in the U.S. Chang Dec., ¶ 10. RapidShare
20  does not maintain any offices other than the one in Cham, Switzerland. *Id.*

21    While the complaint is deliberately vague in describing the "business" of
22  RapidShare, the explanation is straightforward: as an Internet file-hosting service,
23  RapidShare is simply an online storage site that hosts files of various types and sizes

24  ---
[4]  Generically, a file-hosting service provides an Internet server to users to host data.
25  Other websites that offer file-hosting services include YouTube, Facebook, MySpace,
26  Flickr, and Yahoo!, which typically host media files such as video and digital photos.
   [5]  Bobby Chang is the Geschaeftsfuehrer of RapidShare (Chang Dec., ¶ 1), which is the
27  German equivalent of a CEO. Christian Schmid is RapidShare's
28  Verwaltungsratspraesident (Schmid Dec., ¶ 1), a role that functions similar to a president
   of a board of directors.

1 | belonging to companies and individuals who sign up to use this service. Pfaff Dec., ¶ 4.
2 | Users upload files from their hard drives (or other remote location) onto servers used by
3 | RapidShare (which are located in Frankfurt, Germany), and are provided with a
4 | download link (a URL) that is unique to each file. *Id.*, ¶¶ 7, 14. Users retrieve their files
5 | via the corresponding links, which act like a user name and password, and may also send
6 | the links to others. *Id.*, ¶¶ 7, 8. RapidShare itself does not distribute files uploaded by
7 | its users. *See id.*, ¶¶ 8-10. The uploading, downloading, and sharing of files hosted on
8 | these servers is a process that is entirely user-driven. *See id.*, ¶¶ 7-8.

9 | RapidShare provides users a secure location to store and access their files from
10 | anywhere that there is Internet access. *Id.*, ¶ 4. Users do not have to worry about files
11 | that would otherwise be inaccessible from a remote location, files that would be lost or
12 | deleted due to computer crashes, or limited storage space on a home computer. *Id.*
13 | RapidShare also provides an efficient means to transfer large files that cannot ordinarily
14 | be sent by email due to size limitations imposed by most Internet service providers. *See*
15 | *id.*, ¶ 5. These are services used by individuals and businesses alike. *See id.* For
16 | example, the German edition of *PC World* magazine has used RapidShare to host files of
17 | anti-virus software for its readers to download. *Id.* Similarly, the German magazine
18 | *Gamestar* has used RapidShare to host patches, updates, and demo versions of computer
19 | videogames. *Id.* RapidShare provides a particularly useful service for businesses that do
20 | not want to invest in their own equipment, software, and maintenance. *See id.*

21 | Because RapidShare operates like a virtual storage locker for electronic files, data
22 | privacy is essential to RapidShare's services. *See id.*, ¶¶ 4-5. Therefore, only the user
23 | can authorize access to the user's files by choosing to whom to send the download link.
24 | *See id.*, ¶¶ 7-8. RapidShare does not view the contents of user files, and cannot obtain
25 | access to user files without the download links, which RapidShare does not have unless
26 | provided by a third party complainant (typically the copyright holder) or the user. *See*
27 | *id.*, ¶¶ 7, 11 and 13. RapidShare, however, will block access or delete the file in cases
28 | involving abuse (such as when a user uploads files that are alleged to violate a copyright

MEMORANDUM RE: MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION -- CASE NO. 09CV2596

or contain illegal content). *Id.*, ¶ 13. While files may be downloaded from RapidShare, they generally are not publicly displayed by RapidShare on its site.[6] *Id.*, ¶ 10. Moreover, RapidShare does not index or catalogue user files, and files stored by users cannot be searched on the RapidShare website. *Id.*, ¶¶ 9, 10 and 13. In this regard, RapidShare differs from other well-known file-hosting services such as YouTube and Flickr. *Id.*, ¶ 10.

RapidShare does not promote or encourage infringing conduct and has never engaged in any act with the intent to encourage infringement by its users or other third parties. *Id.*, ¶ 12; Chang Dec., ¶¶ 8-9. To the contrary, it is a violation of RapidShare's Conditions of Use to store files that, if downloaded, would violate third party copyrights, which is a basis for terminating a user's account. Pfaff Dec., ¶ 12 and Ex. A. RapidShare expressly prohibits the type of user conduct alleged in the complaint. *See id.* RapidShare diligently responds to allegations of abuse. *See* Pfaff Dec., ¶ 13. It has an Abuse Department set up to address such complaints, and actively searches third-party websites known to have previously posted links to unauthorized files. *Id.* RapidShare is sensitive to issues of infringement, and as such, it responds by first removing files claimed to be unauthorized, and then proceeds to verify such allegations. *Id.* RapidShare also terminates accounts of users who abuse its services. *Id.*

Moreover, RapidShare actively cooperates with copyright owners to combat abuse, and has even developed business relationships with owners (primarily companies based in Europe) to deliver their products via the RapidShare website. *See id.*, ¶ 6. For example, Warner Brothers in Germany provides RapidShare with movie trailers to store on the website which are intended for access by the German-speaking audience. Chang Dec., ¶ 13. RapidShare also makes available videogame trailers, patches and demos with permission of the copyright owners. Pfaff Dec., ¶ 6. Examples like these underscore that

---

[6] In the rare instance where someone uploads a single JPEG file, the file will be displayed when someone accesses the download link.

MEMORANDUM RE: MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION -- CASE NO. 09CV2596

1 RapidShare provides a service that even copyright owners regard as beneficial to their
2 interests.

3 **C. Bobby Chang And Christian Schmid Are German Citizens Who Reside**
4 **In Switzerland And Have No Ties Or Relations To California.**

5      Schmid and Chang are citizens of Germany who reside in Switzerland, and have
6 never been domiciled in California or anywhere else in the United States. Schmid Dec., ¶
7 3; Chang Dec., ¶ 3. They have never, in their individual capacities, owned real or
8 personal property in California, engaged in business transactions in the forum or with
9 California residents, maintained business interests in California, or derived income from
10 activities occurring in California.[7]   Schmid Dec., ¶¶ 4-5; Chang Dec., ¶¶ 4-6. In other
11 words, Schmid and Chang have not availed themselves of the benefits of California law.
12 They are simply officers of an online storage site whose users, from around the world,
13 upload and download files stored on RapidShare's website.

14      While Schmid and Chang may act on behalf of RapidShare, a legally distinct
15 entity, RapidShare itself does not target California users. *See* Pfaff Dec., ¶ 17; Chang
16 Dec., ¶¶ 11-12. Instead, RapidShare's website is directed more towards European users.
17 For example, payments to RapidShare for Premium Accounts (distinguished from its free
18 services) must be made in Euros, not U.S. dollars (Pfaff Dec., Ex. B); user contracts are
19 deemed executed in Cham, Switzerland (*see id.*, Ex. A); and the telephone number listed
20 on its website for technical support is a Swiss number (available during regular business
21 hours, Central European Time) (*id.*, Ex. C).[8]   RapidShare also has not directed any
22 marketing towards the forum, and does not have an affiliate program.   *Id.*, ¶¶ 3, 17.

23

24 [7] RapidShare presumes that some of its users may be California residents. However, the
25 Conditions of Use plainly show that they are deemed formed in Cham, Switzerland. Any
26 Californian user ventured online to Switzerland to open an account, not the other way
   around. Moreover, RapidShare's Conditions of Use are agreed upon by and between the
27 user and RapidShare, and not Schmid and Chang. *See* Pfaff Dec., Ex. A.
28 [8] RapidShare has contracted with three Internet resellers in the U.S., but none are located
   in California. Pfaff Dec., ¶ 3.

RapidShare has not placed ads in any California newspapers, magazines, or other publication. *Id.*[9]

Schmid and Chang have never copied or distributed Perfect 10 DVDs, videos, or other media or files that contain content relating to Perfect 10's copyrighted material. Schmid Dec., ¶ 7; Chang Dec., ¶¶ 8-9. In fact, Schmid and Chang never even heard of Perfect 10 prior to being sued in this case. Schmid Dec., ¶ 7; Chang Dec., ¶ 9. Nor have they done anything to intentionally encourage RapidShare users or third parties to engage in any acts of infringement involving Perfect 10 images, or any other copyrighted works. Schmid Dec., ¶ 7; Chang Dec., ¶ 9. In short, Schmid and Chang have not engaged in the infringing acts alleged in the complaint to have been made by third party users of RapidShare.

## III.  ARGUMENT

### A.  Perfect 10 Bears The Burden To Show That "Minimum Contacts" Exist Between Defendants And California.

*To withstand a motion to dismiss under FRCP 12(b)(2), the plaintiff must establish jurisdictional facts based on evidence, not mere allegations.* "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "The mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction

---

[9] Even the Warner Brothers license cannot be said to target Californians, as it was a deal with Warner Brothers in Germany to store their primarily German movie trailers, and up until the point of execution, was negotiated exclusively with Warner Brothers representatives in Germany or the United Kingdom. Chang Dec., ¶ 13. The license was executed by RapidShare in Switzerland and provided to Warner Brothers in Germany by RapidShare's German counsel; and RapidShare was not made aware that it was to be executed by Warner Brother's parent company in Burbank until shortly before the deal closed. *Id.* Here, there is no correlation between RapidShare's deal with Warner Brothers and Perfect 10's allegations, and therefore this contact cannot give rise to specific jurisdiction in this case.

9

1  over a non-resident defendant." *Chem Lab Products, Inc. v. Stepanek*, 554 F. 2d 371,
2  372 (9th Cir. 1977) ("Facts, not mere allegations, must be the touchstone.").

3      *A court sitting in California may not assert personal jurisdiction unless the*
4  *requirements of Due Process are met.* The law of the forum state applies where there is
5  no applicable federal statute governing personal jurisdiction. *Core-Vent Corp. v. Nobel*
6  *Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). "California's long-arm statute allows
7  courts to exercise personal jurisdiction over defendants to the extent permitted by the
8  Due Process Clause of the United States Constitution." *Id.* "Thus, [the Court] 'need only
9  determine whether personal jurisdiction in this case would meet the requirements of due
10 process.'" *Id.; see also* Cal. Code Civ. Proc. § 410.10 ("A court of this state may
11 exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of
12 the United States."). Accordingly, Perfect 10 must show that defendants have "certain
13 minimum contacts with [California] such that the maintenance of the suit does not offend
14 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*,
15 326 U.S. 310, 316 (1945). The concerns are twofold:  the "minimum contacts" test
16 "protects the defendant against the burdens of litigating in a distant or inconvenient
17 forum," and "acts to ensure that the States through their courts, do not reach out beyond
18 the limits imposed on them by their status as coequal sovereigns in a federal system."
19 *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292 (1980).

20    **B.    Defendants' Contacts Are Too Attenuated To Support Either General**
21            **Or Specific Jurisdiction.**

22     Defendants are not domiciled in California, and do not engage in contacts that are
23 so pervasive to give rise to general jurisdiction. *See Schwarzenegger*, 374 F.3d at 801
24 (for general jurisdiction to exist, the nonresident defendant "must engage in 'continuous
25 and systematic general business contacts' . . . that 'approximate physical presence' in the
26 forum state"); *see also id.* (stating that "[t]his is an exacting standard"); *Brand v. Menlove*
27 *Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) ("Our cases demonstrate that 'substantial' is
28 intended to be a fairly high standard."); *see also Helicopteros Nacionales de Colombia*,

*S.A. v. Hall*, 466 U.S. 408, 416-18 (1984) (no general jurisdiction over Columbian corporation that repeatedly sent employees to Texas for training and purchased parts there, but did not have offices, agents, employees or a license to do business there). Plaintiff's claims must therefore arise out of or relate to defendants' forum-related activities. *See Helicopteros Nacionales*, 466 U.S. at 415. In other words, Perfect 10 must show that there is specific jurisdiction over defendants.

Specific jurisdiction exists if the following three-part test is satisfied:

> "(1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable."

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1485 (9th Cir. 1993) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If the plaintiff fails to meet this burden, personal jurisdiction is not established. *Id.* If, however, the plaintiff succeeds in satisfying both prongs, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id.* As demonstrated below, Perfect 10 cannot meet the first two prongs because the pertinent contacts are based on the unilateral activities of third party users.

1.  Defendants have not engaged in any activities expressly aimed at California.

Purposeful availment requires that the defendant engage in some form of deliberate, "affirmative conduct" within or directed at the forum state. *See Doe v.*

*Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) ("Purposeful availment . . . requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'"). Purposeful availment cannot be based on random, fortuitous, or attenuated contacts, or on the unilateral activities of third parties. *See Hanson v. Denkla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.") (ruling that Florida state court could not assert personal jurisdiction over a Delaware trustee of a trust executed in Delaware, notwithstanding that the settlor later became domiciled in Florida, and most of the trust appointees and beneficiaries were also domiciled there). Jurisdiction is proper only "where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Id.* (italics in original) (citations omitted).

In tort as opposed to contract cases, this prong calls for "[a] showing that a defendant purposefully directed his conduct toward a forum state, . . . usually consist[ing] of evidence of the defendant's actions outside the forum state that are directed at the forum...." *Schwarzenegger*, 374 F.3d at 803. This is commonly analyzed under the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984), which "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). However, "*Calder* 'cannot stand for the broad proposition that a foreign act with foreseeable effects in the foreign state always gives rise to specific [personal] jurisdiction" -- there must be "'something more' than mere foreseeability." *Schwarzenegger*, 374 F.3d at 804-5; *see also World-Wide Volkswagen Corp.*, 444 U.S. at 297 ("[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should

---

12

reasonably anticipate being haled into court there."). Further, Ninth Circuit courts have recognized that the "effects" test may not always be the right fit.[10]

In this case, defendants did not engage in any volitional act directed at Perfect 10 or California. To the contrary, Perfect 10 seeks to hold RapidShare and its officers liable for conduct it prohibits and did not know about, undertaken by third parties who were immediately terminated as users for violating RapidShare's Conditions of Use when Perfect 10 notified RapidShare. The jurisdictional grounds for suing Schmid and Chang are even murkier.

Accordingly, purposeful availment cannot be established under *Calder* because defendants are not the "primary participants in an alleged wrongdoing intentionally directed at a California resident...." *Calder v. Jones*, 465 U.S. at 790. *Calder* involved a libel case brought by Shirley Jones, a famous entertainer working and residing in California, against a writer and editor for the *National Enquirer*. In finding personal jurisdiction over the nonresident defendants, the Supreme Court concluded that California was "the focal point both of the story and of the harm suffered," as the article "concerned the California activities of a California resident" and "impugned the

---

[10]  *See e.g., Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419-20 (9th Cir. 1997) (rejecting application *Calder* and finding no purposeful availment where the nonresident defendant maintained a website that allegedly infringed the plaintiff's marks, but did not encourage forum residents to engage in relevant contacts with the defendant, enter into contracts in the forum state, earn income from the forum, or otherwise "perform[] any act by which it purposefully availed itself of the privilege of conducting activities" in the forum); and *Doe v. Geller*, 533 F. Supp. 2d 996, 1006 (N.D. Cal. 2008) (finding that *Calder* and other "purposeful direction" precedent "[did] not apply easily" to claims against a British defendant for violating the misrepresentation provision of the Digital Millennium Copyright Act by sending a take-down notice to YouTube that falsely claimed that plaintiff's video violated his copyrights, and for declaratory judgment that the plaintiff's video is noninfringing). *Cf. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (applying the "effects" test which appellants "contend[ed] that [the Circuit Court] must base [its] analysis on," but also recognizing that the case before it, alleging First Amendment injuries, was neither a tort (analyzed under purposeful direction cases) nor a contract case (analyzed under a purposeful availment cases)).

13

1  professionalism of an entertainer whose television career was centered in California." *Id.*
2  at 788-89.   Further, the *Calder* defendants knew that their article would injure the
3  plaintiff and that the injuries would be mostly felt in California, which also happened to
4  be where the *National Enquirer* had its largest circulation. *Id.* at 789-90 (stating that it
5  was not a case of "untargeted negligence").   In short, the *Calder* defendants knew what
6  they were doing and specifically targeted the plaintiff in her home state.

7      By contrast, defendants here have not engaged in intentional acts expressly aimed
8  at California, and the relevant contacts that give rise to Perfect 10's claims are those of
9  the so-called Affiliates, *i.e.*, third party users who made available for download files that
10 allegedly infringe Perfect 10's copyrights.   *See* Compl. ¶ 20.   Defendants have not
11 themselves created downloads of infringing files, and do not distribute user files.   *See*
12 Schmid Dec., ¶ 7; Chang Dec., ¶ 9; Pfaff Dec., ¶¶ 6-7, 11.  Nor have they otherwise acted
13 with the intent to encourage users or other parties to infringe Perfect 10's images or any
14 other copyrights.   Schmid Dec., ¶ 7; Chang Dec., ¶ 9.   *See Holland Am. Line inc. v.*
15 *Wärtsilä N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("the *Calder* test applies only to
16 intentional torts, not to the breach of contract and negligence claims presented here")
17 (dismissing claims against Finnish manufacturer of engines used in cruise ships such as
18 the one at issue which was destroyed by fire).   RapidShare merely operates an online
19 storage locker, and Schmid and Chang are simply officers of a company whose website
20 permits users to store files of any type and size (so long as the files are not are illegal, per
21 the Conditions Of Use).   Notwithstanding that there are users within the U.S. that have
22 accounts with RapidShare, the "contacts" that give rise to Perfect 10's complaint are
23 based on the alleged conduct of third-party users who have abused RapidShare's services
24 in violation of their contracts with RapidShare by allegedly saving infringing files onto
25 RapidShare's websites and distributing those links to others.   *See* Compl. ¶ 20.   These
26 contacts are too attenuated and do not support jurisdiction against RapidShare, let alone
27 Schmid and Chang.   *See Hanson*, 357 U.S. at 253; *Asahi Metal Indus. v. Superior Court,*
28 480 U.S. 102, 109 and 112 (1987) ("[M]inimum contacts must be based on an act of the

1  defendant," and not on the unilateral act of a consumer or other third party) ("The
2  'substantial connection,' . . . between the defendant and the forum State necessary for a
3  finding of minimum contacts must come about by *an action of the defendant purposefully*
4  *directed toward the forum State*." (Italics in original)); *Chirila v. Conforte*, 47 Fed. Appx.
5  838, 842 (9th Cir. 2002) (unpublished opinion) (finding that the plaintiff's allegations
6  that third parties committed tortious acts in Nevada "with the knowledge and consent" of
7  defendants residing in the United Kingdom were insufficient to establish purposeful
8  availment on the part of the English defendants); *Mullally v. Jones*, Case No. 2:05-cv-
9  00154-BES-GWF, 2007 WL 674294, at *6-7 (D. Nev. Feb. 28, 2007) (finding that
10 jurisdiction cannot be based on the conduct of third party clients of the nonresident
11 defendants);[11] and *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997)
12 (finding that contacts were too attenuated to confer jurisdiction over the then-director of
13 the FDA's Division of Blood and Blood Products, a nonresident defendant in a class
14 action suit asserting claims related to the death of the plaintiff's husband from
15 contracting AIDS after receiving a blood transfusion, where the plaintiff alleged that the
16 defendant failed to ensure a clean blood supply by, among other things, hiding from the
17 public the risks of blood transfusions and failing to encourage blood companies to
18 develop safe practices).

19 ───────────────

20 [11] *Mullally v. Jones* involved a patent infringement suit in which the plaintiff, an owner of
    rights relating to two casino games, attempted to assert jurisdiction in Nevada over a
21 Cyprus corporation on the primary basis that the nonresident defendant maintained an
    interactive websites that contained Internet hyperlinks to websites of fifteen client
22 casinos which offered online gambling. *Id.* at *3 and 6. The court concluded that these
23 third-party websites cannot confer jurisdiction on the nonresident defendant, stating "the
    activity of those hyperlinked websites supports jurisdiction only if [d]efendants maintain
24 some responsibility or control over the activities and contents of the third-party gaming
25 sites." *Id.* at *6. Similar to the *Mullally* defendant, neither RapidShare nor its officers
    have any responsibility or control over third party users. The uploading and downloading
26 of files from RapidShare's website are within the exclusive domain of the users, not
27 RapidShare or its employees and RapidShare acts expeditiously to delete files when
28 reported by copyright owners or discovered by its Abuse Team (which proactively
    searches for instances of apparent infringement).

15

1    At best, the allegations against defendants are akin to secondary liability claims;
2  but liability and contacts sufficient to confer personal jurisdiction are two separate things.
3  *See United Heritage Life Ins. Co. v. First Matrix Inv. Services Corp.*, No. CV 06-0496-S-
4  MHW, 2009 WL 1850335, at *8 (D. Idaho June 26, 2009) ("The Ninth Circuit has
5  recognized that even if a parent corporation would be liable under a statute, the plaintiff
6  cannot use liability as a substitute for personal jurisdiction.") (citing *AT & T v.*
7  *Compagnie Bruxelles Lambert,* 94 F.3d 586, 590-91 (9th Cir. 1996) (stating that "[e]ven
8  if the requirement of personal jurisdiction allows a parent corporation to avoid
9  liability,…liability is not to be conflated with amenability to suit in a particular forum")).

10    For all of these reasons, the purposeful availment prong cannot be satisfied.

11        2.    Perfect 10's lawsuit is based on the acts of third-party users and does
12              not arise out of defendants' contacts.

13    A plaintiff's claims must "arise out of or relate to the defendant's forum-related
14  activities." *Lake,* 817 F.2d at 1421. This second step "explores the relationship between
15  the cause of plaintiff's harm and the defendant's acts identified as creating purposeful
16  contacts with the forum state." *Id.* Where the contacts are minimal, "a high degree of
17  relationship is needed." *See id.*

18    A "but for" test is used to determine whether a plaintiff's injury arises out of a
19  defendant's forum-related activities. *Doe v. Am. Nat'l Red Cross,* 112 F.3d at 1051. The
20  relatedness prong, however, cannot be satisfied in this case because defendants' contacts
21  are too attenuated as they are based on the alleged activities of third-party users who
22  abuse RapidShare's website. Defendants do not control the uploading and downloading
23  of user files; they do not distribute download links or make them available to be searched
24  by users; and they do not encourage users -- whose activities form the basis of Perfect
25  10's complaint -- to engage in unlawful activities on its website.

26        3.    It would be unreasonable to exercise jurisdiction over defendants.

27    Even if Perfect 10 could satisfy the first two prongs, it would be unfair to force
28  defendants to litigate in this forum. To determine whether the exercise of jurisdiction

MEMORANDUM RE: MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION -- CASE NO. 09CV2596

over a nonresident defendant comports with "fair play and substantial justice," the court must consider and balance the following factors, none of which is dispositive in itself:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient and judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent*, 11 F.3d at 1487-88.

The balance in this case weighs heavily in favor of defendants:

➤ ***Defendants' contacts are too attenuated.*** As demonstrated under the purposeful availment analysis, the relevant conduct are those of the third party users, and defendants' activities, whether as officers of RapidShare or as individuals in their personal capacities, are too peripheral and tenuous to support jurisdiction, let alone a finding of purposeful interjection. *See Doe v. Geller*, 533 F. Supp. 2d at 1007 (finding that the defendant's contacts, which consisted of sending a take-down notice to YouTube, were "attenuated" because even though the notice was sent to California, "it was not aimed at any California resident"; "[t]hus, whether defendants intended to create an effect in California or even if defendants committed a tort in California, defendants' purposeful interjection into California is not extensive," and "[a]ccordingly, this factor weighs against personal jurisdiction"); *see also Core-Vent*, 11 F.3d at 1488 ("'Even if there is sufficient "interjection" into the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [reasonableness prong].'").

➤ ***It would be burdensome for defendants, who are located in Switzerland, to litigate in California.*** "The Supreme Court has recognized that defending a

17

lawsuit in a foreign country can impose a substantial burden on a nonresident alien." *Core-Vent*, 11 F.3d at 1488 (quoting *Asahi Metal*, 480 U.S. at 114, which stated, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders").  This is especially true here where Schmid and Chang are individuals who do not make regular trips to California, have virtually no contacts with this state, and are not entirely fluent in English.  Schmid Dec., ¶¶ 2-5; Chang Dec., ¶¶ 2-5.  (Schmid, in particular, is not fluent in English and affirmatively avoids travel outside of Europe as he does not like to fly.  Schmid Dec., ¶ 3.)  RapidShare also has no offices outside of the one in Cham, and its primary corporate counsel is located in Germany.  Chang Dec., ¶ 10.  Defendants' location and language are native to Europe, and those two factors alone make it extremely burdensome for defendants to litigate in California.  *See id.*, ¶ 14.  First, defendants would necessarily incur huge expenses in having to translate virtually all documents and communications (oral and written) from German to English, and vice versa, were the case to proceed in California (or elsewhere in the U.S.).  *See id.*  Second, defendants (and other RapidShare employees who would likely serve as witnesses) would have to travel from several time zones away to attend trial or other proceedings held in California (and RapidShare would have to compensate its employees for overtime incurred either for traveling or for covering the job functions of employees who were required to spend time in California in connection with this case).  *Id.*  Similarly, all of defendants' records would have to be transported from Europe to California.  *See id.*  Although courts have noted that the "burden of litigating in a foreign forum has become less significant as a result of advances in communication and transportation," the Ninth

Circuit has emphasized that "the law of personal jurisdiction is 'asymmetrical'"; in that, "[t]he primary concern is for the defendant's burden." *FDIC v. British-Am. Ins. Co., Ltd.*, 828 F.2d 1439, 1444 (9th Cir. 1987). Where a defendant "'has done little to reach out to the forum state,' the burden of defending itself in a foreign forum militates against exercising jurisdiction." *Id.*

➢ ***Switzerland's interest in adjudicating claims involving its own residents based on activities occurring there may be presumed.*** *See Doe v. Geller*, 533 F. Supp. 2d at 1008; *see also Shute v. Carnival Cruise Lines*, 897 F.2d 377, 387 (9th Cir. 1990) ("A state is deemed to have a strong interest in protecting its citizens against the tortious acts of others."), *rev'd on other grounds*, 499 U.S. 585 (1991).

➢ ***A judgment granting plaintiff's requested relief would require enforcement in another sovereign state.*** *See FDIC*, 828 F.2d at 1444 ("a foreign nation presents a higher sovereignty barrier than another state within the United States"). Any judgment rendered by this Court against defendants would necessarily have to be imposed upon the courts or governing bodies of Switzerland and/or Germany for enforcement. *See* Declaration of Burkhard Hess, ¶¶ 18-20. Defendants do no have any operations or employees or own any assets in the United States (*see* Chang Dec., ¶¶ 3-5, 10-11; Schmid Dec., ¶¶ 3-5) so any judgment obtained in this court would necessarily have to be enforced in Switzerland or Germany.

➢ ***Switzerland and Germany provide for a more efficient forum in which to adjudicate these claims.*** The arguments that demonstrate this conclusion are set forth in defendants' companion *forum non conveniens* motion, and are incorporated herein.

The overall unfairness of haling defendants into this Court is amplified by the fact that they have not engaged in any activities that were intentionally and expressly aimed at

19

California. Where contacts are entirely lacking, none of the above factors can justify jurisdiction. *See World-Wide Volkswagen Corp.*, 444 U.S. at 294 ("[T]he Due Process Clause 'does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.' [Citation omitted.] Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment.").

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction should be granted with prejudice, and Perfect 10 should not be allowed leave to amend its complaint given that the evidence presented by defendants confirm on the merits that there are insufficient contacts between defendants and California.

DATED: March 23, 2010                    GREENBERG TRAURIG, LLP


By: //s// Wendy M. Mantell
      Wendy M. Mantell
      Attorneys for defendants RapidShare AG,
      Christian Schmid, and Bobby Chang