Eric J. Benink, Esq., SBN 187434
Krause Kalfayan Benink & Slavens, LLP
625 Broadway, Suite 635
San Diego, CA 92101
(619) 232-0331 (ph)
(619) 232-4019 (fax)
eric@kkbs-law.com

Jeffrey N. Mausner, Esq., SBN 122385
Law Offices of Jeffrey N. Mausner
21800 Oxnard St., Suite 910
Woodland Hills, CA 91367
(310) 617-8100 (ph)
(818) 716-2773 (fax)
Jeff@mausnerlaw.com

Attorneys for Plaintiff Perfect 10, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAPIDSHARE A.G., a corporation; CHRISTIAN SCHMID; BOBBY CHANG; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 09 CV 2596 H (WMC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF PERFECT 10, INC.IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS***<br><br>DATE:     May 10, 2010<br>TIME:      10:30 A.M.<br>CTRM:    13<br>JUDGE:    Hon. Marilyn L. Huff<br><br>Special Briefing Schedule Ordered<br><br>Date Filed: November 18, 2009<br>Trial Date: None Set |

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................1

II.   DEFENDANTS FAIL TO ESTABLISH THAT THE BALANCE
OF PRIVATE AND PUBLIC INTEREST FACTORS
STRONGLY FAVORS DISMISSAL. ................................................................4

    A.   Plaintiff's Choice Of Forum Should Be Accorded Deference. ...................4

    B.   Defendants Fail to Establish that the Balance of Private and
Public Interest Factors Strongly Favors Dismissal.....................................5

        1.   The Private Interest Factors Strongly Favor Continuing
the Action in California. ....................................................................6

    C.   The Public Interest Factors Favor Continuing The
Action In California. ...................................................................................13

III.  GERMANY AND SWITZERLAND ARE NOT ADEQUATE
ALTERNATIVE FORUMS...............................................................................13

    A.   Perfect 10 May Not Be Able To Recover Damages In Either Forum.......14

    B.   German And Swiss Courts Cannot Provide Injunctive
Relief In The United States.......................................................................15

    C.   German And Swiss Courts Cannot Provide Relief Against
Unfair Competition Under California's Unfair Competition Law. ...........15

    D.   German And Swiss Courts Likely Cannot Provide Relief For
Rights Of Publicity Violations Under California Civil Code §3344.........16

IV.   CONCLUSION .................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Altmann v. Republic of Austria*, 317 F.3d 954 (9th Cir. 2002) ........................................ 9

*Panavision Intern.,L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)................................ 8

*Atlantic Recording Corp. v. Project Playlist, Inc.*, 603 F.Supp.2d 690
(S.D.N.Y. 2009) ............................................................................................................... 9

*Boston Telecommunications Group, Inc. v. Wood*, 588 F.3d 1201
(9th Cir. 2009)......................................................................................................... passim

*Carey v. Bayerische Hypo–Und Vereinsbank AG*, 370 F3d 234 (2nd Cir. 2004) ........ 11

*Creative Tech , Ltd. v. Aztech Sys. PTE. Ltd*. 61 F.3d 969 (9th Cir. 1995).................... 12

*Deirmenjian v. Deutsche Bank, A.G.*, 2006 WL 4749756 (C.D.Cal. 2006) .................. 9

*Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)......................................... passim

*Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299 (9th Cir.1986)...................... 13

*Ford Motor Co. v. Insurance Co. of North America*, 35 Cal.App.4th 604 (1995) ......... 4

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir.1984)........................................ 5

*Gulf Oil v. Gilbert*, 330 U.S. 501, 508-509; 67 S.Ct. 839 (1947) .................................. 6

*Intel Corp. v. American Guarantee and Liability Ins. Co.* 2009 WL
1653014 at \*7 (N.D.Cal., June 11, 2009) .................................................................. 5, 6

*Ito v. Tokio Marine & Fire Ins. Co., Ltd.*, 166 Fed.Appx. 932 (9th Cir. 2006)............ 13

*J.G. Boswell Tomato Co.--Kern, LLC v. Private Label Foods, Inc.*,
2008 WL 3155041 at \*17 (E.D. Cal., August 4, 2008) ............................................... 10

*Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518;
67 S.Ct. 828 (1947) ........................................................................................................ 5

*Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628 (3d Cir. 1989)..................... 6, 9

*Lueck v. Sundstrand Corp.* 236 F.3d 1137 (9th Cir. 2001)........................................ 4, 5

*Martin v. D-Wave Systems Inc.* 2009 WL 4572742 at \*4
(N.D.Cal., December 1, 2009) ........................................................................................ 9

*Moss v. Tiberon Minerals Ltd.*, 2007 WL 3232266 at \*3
(N.D.Cal., November 1, 2007)...................................................................................... 13

*Perfect 10 v. Google, Inc.*, 416 F.Supp.2d 828 (C.D. Cal. 2006) .................................. 3

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007)............................ 3

*Perfect 10, Inc. v. Guba, LLC* .................................................................................... 3

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235; 102 S.Ct. 252 (1981) ................................... 5

*Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.,* 549 U.S. 422;
    127 S.Ct. 1184 (2007) ........................................................................................ 4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern
    Dist. of Iowa,* 482 U.S. 522, 107 S.Ct. 2542 (1987) ..................................... 12

*Stangvik v. Shiley, Inc.*, 54 Cal.3d 744 (1991) .............................................................. 13

*Triple Crown America, Inc. v. Biosynth AG* 1998 WL 227886, *1
    (E.D.Pa., April 30, 1998) ................................................................................ 12

**Statutes**

California Business and Professions Code §17200 ................................................. 14, 15

California Civil Code §3344 .................................................................................... 14, 16

**Rules**

Fed. R. Civ. P. Rule 30(b)(6) .......................................................................................... 11

I.      **INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants RapidShare A.G. ("RapidShare"), Christian Schmid, and Bobby Chang (collectively, "Defendants") have filed a motion to dismiss this action on the basis of forum non conveniens.  The motion fails to satisfy Defendants' heavy burden of demonstrating that Plaintiff Perfect 10, Inc. ("Plaintiff" or "Perfect 10") should be forced to litigate against Defendants in Germany or Switzerland.  In fact, Defendants have not established any of the relevant factors which would allow this Court to set aside the choice of Plaintiff, a California resident, to litigate against Defendants in California – a choice the Ninth Circuit has held will not be disturbed unless these factors strongly favor trial in a foreign country.  Instead, Defendants misstate facts, ignore their significant connections to California, wrongly suggest that Perfect 10 could recover damages in Germany, and improperly seek to smear Perfect 10 by mischaracterizing both its business and its litigation record.  Defendants' irrelevant and incorrect assertions provide no grounds for this Court to employ the "exceptional tool" of forum non conveniens and dismiss this action.

First, Defendants have not satisfied the Ninth Circuit's requirement of "ma[king] a clear showing of facts which establish such oppression and vexation of a defendant to be out of proportion to plaintiff's convenience, which may be slight or nonexistent." *Dole Food Co. v. Watts,* 303 F.3d 1104, 1108 (9th Cir. 2002).  Indeed, Defendants cannot possibly demonstrate that it would be so oppressive and vexatious for them to defend this action in California where, as here, they are operating a multi-million dollar company that receives money from California residents for providing an illegal service, and infringes upon the copyrighted works of California movie and recording studios, and other California residents such as Plaintiff [*see* Section II, below].

Second, Defendants have failed to show, and indeed cannot show, that the balance of relevant private and public interest factors identified by the Ninth Circuit greatly weighs in favor of dismissal.  On the contrary, the fact that Perfect 10, a California corporation, is suing Defendants in California is entitled to great deference

by the Court. Moreover, contrary to Defendants' assertions, the majority of the documents and witnesses needed to litigate this action are located in California or elsewhere in the United States. Furthermore, California has a substantial interest in providing a forum for its injured citizens. In particular, California is home to the entertainment and computer software industries, which are being directly targeted by Defendants' theft and sale of billions of dollars of intellectual property, including most full-length movies, songs, and computer software. Finally, the remaining factors also weigh against dismissal. For example, Perfect 10 would have to send as many as 15 witnesses to Germany or Switzerland to prove its ownership of copyrights under German law. By contrast, Defendants likely will need to send only two witnesses to California to defend this action. In short, there is no basis to overrule Plaintiff's choice of a California forum [*see* Section II, below].

Third, Defendants have failed to establish, and cannot establish, that either Switzerland or Germany constitutes an adequate alternative forum. Compelling Plaintiff to litigate this action in either country may deprive Perfect 10 of important legal remedies. For example, an appellate court in Hamburg, Germany, while condemning RapidShare in its September 30, 2009 ruling, also found that the Plaintiff was not entitled to recover either damages or attorneys' fees. Declaration of Dr. Norman Zada in opposition to Defendants' Motions to Dismiss, submitted separately herewith ("Zada Decl.") ¶¶13-14, Exh. 10. Moreover, Defendants do not explain how rulings by German or Swiss courts would allow Perfect 10 to obtain injunctive relief prohibiting Defendants from engaging in copyright infringement in the United States or from engaging in unfair competition under Section 17200 *et seq.* of the California Business and Professions Code – two key remedies sought by Perfect 10 in this action. The lack of an alternative forum in and of itself compels the Court to deny Defendants' forum non conveniens motion [*see* Section III, below].

Defendants also attempt, at the outset of their motion, to smear Perfect 10's business by mischaracterizing Perfect 10 as a litigious "pornography company."

Memorandum of Points and Authorities in Support of Defendants' Motion ("Memo") at 1:3-4.  Perfect 10 is not a "pornography company."  On the contrary, when the United States District Court for the Central District of California granted Perfect 10's motion for a preliminary injunction against Google in 2006, the Court specifically stated that Perfect 10's "photographs consistently reflect professional, skillful, and sometimes tasteful artistry.  That they are of scantily-clothed or nude women is of no consequence; such images have been popular subjects for artists since before the time of 'Venus de Milo.'"  *Perfect 10 v. Google, Inc.,* 416 F.Supp.2d 828, 849 n.15 (C.D. Cal. 2006) (Matz, J.), *aff'd in part and reversed in part on other grounds*, *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146 (9th Cir. 2007).  *See also* Zada Decl. ¶11, Exh. 8.  In any event, the nature of Perfect 10's business cannot legitimize Defendants' theft and sale of Perfect 10's intellectual property, whether in California or elsewhere.

Defendants also mischaracterize Perfect 10's legal record (which, in any event, has no bearing whatsoever on their motion).  Memo at 1 n.1.  Defendants ignore the injunctions obtained by Perfect 10 in three separate cases, as well as the fact that Perfect 10 obtained summary judgment in a similar case, where Guba, LLC, like RapidShare, copied and sold access to Perfect 10's copyrighted images.  *See* Zada Decl. ¶11, Exh. 8 (Order Granting Plaintiff's Motion for Partial Summary Judgment in *Perfect 10, Inc. v. Guba, LLC,* Case No. 02-2842 MMC in the United States District Court for the Northern District of California).

The Ninth Circuit has stated that "[f]orum non conveniens is an exceptional tool to be employed sparingly."  *Dole Food Co.,* 303 F.3d at 1118.  Here, Defendants are reportedly making *$80 million a year* selling pirated full-length movies, songs, computer software, and images to millions of RapidShare members, many of whom reside in California.  Perfect 10 is a California corporation which has lost $60 million trying to protect its copyrights from rampant infringement by entities such as RapidShare, and is near bankruptcy.  Zada Decl. ¶¶7, 15, Exh. 4.  Under these circumstances, Defendants cannot claim dismissal is appropriate.

1    To avoid redundancy, Plaintiff incorporates herein by reference its Statement of

2   Facts set forth in Perfect 10's Memorandum of Points and Authorities in Opposition to

3   Defendants' Motion to Dismiss For Lack of Personal Jurisdiction, filed separately

4   herewith.

5   **II.    DEFENDANTS FAIL TO ESTABLISH THAT THE BALANCE OF**

6         **PRIVATE AND PUBLIC INTEREST FACTORS STRONGLY FAVORS**

7         **DISMISSAL.**

8       **A.    Plaintiff's Choice Of Forum Should Be Accorded Deference.**

9    Defendant bears a heavy burden of proof in a motion to dismiss for forum non

10  conveniens. *Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.,* 549 U.S. 422,

11  430; 127 S.Ct. 1184, 1191 (2007). The doctrine of forum non conveniens is an

12  "exceptional tool to be employed sparingly, not a doctrine that compels plaintiffs to

13  choose the optimal forum for their claim." *Boston Telecommunications Group, Inc. v.*

14  *Wood,* 588 F.3d 1201, 1206 (9th Cir. 2009), *quoting Dole Food Co.,* 303 F.3d at 1118.

15  The inquiry, however, is not which court provides the *better* forum, but whether

16  Plaintiff's choice of forum is a "*seriously inconvenient forum.*" *Ford Motor Co. v.*

17  *Insurance Co. of North America,* 35 Cal.App.4th 604, 611 (1995) (emphasis in the

18  original). Indeed, in order to prevail, Defendants must not simply show that Plaintiff's

19  choice of forum is inconvenient. Rather, they must show "facts which establish such

20  *oppression* and *vexation* of a defendant as to be out of proportion to plaintiff's

21  convenience, which may be shown to be slight or nonexistent." *Boston*

22  *Telecommunications Group,* 588 F.3d at 1206, *quoting Dole Food Co.,* 303 F.3d at

23  1118 (emphasis added). Defendants have fallen far short of this burden. They have

24  not demonstrated that California is oppressive in a manner that is disproportionate to

25  Plaintiff's inconvenience of proceeding in Germany or Switzerland.

26    Typically, a plaintiff's forum choice will not be disrupted unless the private

27  interest and the public interest factors strongly favor trial in a foreign country. *Lueck v.*

28  *Sundstrand Corp.* 236 F.3d 1137, 1145 (9th Cir. 2001). "[U]nless the balance is

---

4

strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Boston Telecommunications Group,* 588 F.3d at 1207, *quoting Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334-35 (9th Cir.1984).

Further, great deference should be shown when the Plaintiff's home is its forum choice. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255; 102 S.Ct. 252, 266 (1981); *Lueck,* 236 F.3d at 1143 ("where the plaintiff is a United States citizen, the defendant must satisfy a heavy burden of proof..."). Indeed, when balancing the parties' conveniences, "a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524; 67 S.Ct. 828, 832 (1947).

Defendants' assertion that Plaintiff is engaging in forum shopping is off the mark. Plaintiff is a California citizen attempting to redress wrongs inflicted on it through Defendants' illegal activities in California and throughout the United States. Thus, Plaintiff's choice of forum, California, should be shown great deference and should only be disturbed if the private and public interest factors *strongly* favor a European forum. As explained below, application of these factors favors Plaintiff, or at best results in neutrality. Accordingly, Plaintiff's choice of forum should be respected. *Intel Corp. v. American Guarantee and Liability Ins. Co.* 2009 WL 1653014 at *7 (N.D.Cal., June 11, 2009).

**B.    Defendants Fail to Establish that the Balance of Private and Public Interest Factors Strongly Favors Dismissal**

Even if the Court finds that Switzerland or Germany is an "adequate forum" (and it should not, for all of the reasons discussed in Section III, below), Defendants' motion should still be denied because the balance of private and public interests greatly favors continuing this case in California. Defendants' mere showing that it would be more convenient for them to litigate in Switzerland or Germany is not sufficient to overcome Plaintiff's choice of forum. Rather, Perfect 10's decision to litigate in

California will not be disturbed unless the "private interest" and the "public interest" factors strongly favor trial in a foreign country. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-509; 67 S.Ct. 839, 843 (1947). Further, a neutral balancing of the private and public factors is not sufficient to overcome the presumption afforded to Plaintiff's forum choice. *Intel Corp.* 2009 WL 1653014 at *7 (denying the motion to dismiss for forum non conveniens because the private and public interest factors balanced to a neutral state); *Boston Telecommunications Group,* 588 F.3d at 1208; *Lony v. E.I. Du Pont de Nemours & Co.,* 886 F.2d 628, 640 (3d Cir. 1989) ("When the court found the private interest factors to be 'at equipoise' (or tipped toward the defendant), it should have concluded that they weighed in favor of retaining jurisdiction, not that they tipped 'toward dismissal.'").

### 1. The Private Interest Factors Strongly Favor Continuing the Action in California.

The Ninth Circuit has held that a district court should consider the following private interest factors when ruling upon a motion to dismiss for forum non conveniens: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *See, e.g., Lueck,* 236 F.3d at 1145. As explained below, consideration of these factors strongly favors denying Defendants' motion and allowing this action to proceed in California.

### a. Plaintiff and the majority of relevant witnesses and documents are located in California.

Defendants mistakenly claim that California is an inconvenient forum because "all potentially relevant information and documents…are located in Switzerland or Germany." Memo at 17:26-28. Defendants' assertion is incorrect. In fact, as explained below, the majority of relevant witnesses and documents are located in

1    California:

2    - The primary witness regarding Defendants' infringements of Perfect 10's
3      copyrighted images, Dr. Norman Zada, is located in California. Dr. Zada is the
4      President of Perfect 10 and will be an essential witness regarding all aspects of
5      this litigation.

6    - Tens of thousands of documents relating to Perfect 10's proof of copyright
7      ownership are located in the United States, primarily in California. Such
8      documents include thousands of original copyrighted photographs; certificates of
9      copyright registration from the United States Copyright Office, which provide
10     prima facie evidence that Perfect 10 owns the copyrighted works at issue in this
11     litigation; deposit materials that were filed with the United States Copyright
12     Office; work for hire agreements; and model releases and assignment of rights
13     agreements. Zada Decl. ¶15.

14   - Thousands of pages of financial records detailing Perfect 10's losses of close to
15     $60 million, and Bruce Hersh, Perfect 10's accountant, are located in California.
16     Zada Decl. ¶15.

17   - RapidShare's primary payment processor, PayPal, is located in California. Zada
18     Decl. ¶4, Exh. 1. Therefore, most of the documents reflecting payment by
19     RapidShare's customers, as well as their country of residence, are presumably in
20     California.

21   - Perfect 10's records regarding the infringements of its images by RapidShare
22     and by RapidShare affiliates are located in California. *Id.* ¶15. Additionally,
23     Perfect 10 employee Sheena Chou, an important witness who downloaded
24     thousands of Perfect 10 Images from RapidShare, resides and works in
25     California.

26   - At least 14 photographers, most of the photographers associated with Perfect 10,
27     reside in the United States, contrary to Defendants' assertions. No Perfect 10
28     photographers reside in either Germany or in Switzerland. Zada Decl., ¶15.

1    Such U. S.-based photographers may be required to testify if Defendants contest
2    the ownership of the copyrights.

3    • A significant number of the Perfect 10 models are located in the United States.
4    Conversely, to Perfect 10's knowledge, no models are located in Switzerland,
5    and only one or two of the models may be located in Germany.  Zada Decl. ¶15.
6    Several of these models may be required to testify if RapidShare contests aspects
7    of their model releases.

8    • Entertainment industry witnesses who can confirm that RapidShare has no rights
9    to the content it sells are located in California.

10   • Substantially more downloads of infringing Perfect 10 Images have likely
11   occurred in the United States, and specifically in California, than in either
12   Germany or Switzerland.  Moreover, more RapidShare affiliates are likely
13   located in California.

14   • The only likely witnesses from RapidShare would be Schmid and Chang, both
15   of whom would be required to testify as persons most knowledgeable.  On the
16   other hand, percipient non-party witnesses, such as Perfect 10 photographers and
17   PayPal employees, must be compelled to testify by subpoena.

18   Almost all of the relevant documents in this case relate to (a) the infringement of
19   Perfect 10 Images by RapidShare; (b) Perfect 10's ownership of the copyright to such
20   images; or (c) the documentation of Perfect 10's losses.  Perfect 10 possesses all of
21   those documents.

22   On the other hand, few of the relevant documents are in Defendants' sole
23   possession.  Indeed, most of the "physical" evidence from Defendants will likely be in
24   electronic form (files stored on computer servers) and thus, the burden to produce in
25   Germany or in the U.S. is exactly the same.  *See Panavision Intern.,L.P. v. Toeppen*,
26   141 F.3d 1316, 1322 (9th Cir. 1998) (stating that in this era of fax machines, requiring
27   [defendants] to litigate in California is not constitutionally unreasonable.)  And as
28   noted above, Schmid and Chang are the only two likely witnesses for Defendants.

1  Accordingly, Defendants' claim that more relevant witnesses or documents are located
2  in either Germany or Switzerland than in California is wrong.

3      Furthermore, even if there were the same numbers of relevant witnesses and
4  documents in both forums (and there are not), that factor would, at most, be neutral,
5  and thus *would not favor dismissal*. *Lony,* 886 F.2d at 635 (overruling the district
6  court's dismissal for forum non conveniens and holding that neutral factors do not
7  favor dismissal: "Overall, we find that important evidence relevant to claims and
8  defenses is located in each forum and that the Hague Convention procedures assure
9  that some evidence from each forum will be available in the other."); *Boston
10 Telecommunications Group,* 588 F.3d at 1212 ("All but one of the private and public
11 interest factors were either neutral or weighed against dismissal."); *Atlantic Recording
12 Corp. v. Project Playlist, Inc.,* 603 F.Supp.2d 690, 696-697 (S.D.N.Y. 2009) (where
13 two different districts were the loci of operative facts, the locus of operative facts was a
14 neutral factor in copyright infringement action).

15     Defendants have failed to show how the inconvenience they would face if they
16 were forced to litigate in California substantially outweighs the inconvenience Perfect
17 10 would suffer if it was forced to litigate in a foreign forum. *Martin v. D-Wave
18 Systems Inc.* 2009 WL 4572742 at *4 (N.D.Cal., December 1, 2009). Indeed, Courts
19 have routinely recognized that the slight savings that may result from a defendant's
20 easier transportation of evidence and cooperative witnesses does not necessarily
21 overcome the strong presumption in favoring plaintiff's forum choice.  *See, e.g.,
22 Deirmenjian v. Deutsche Bank, A.G.,* 2006 WL 4749756 (C.D.Cal. 2006); *Altmann v.
23 Republic of Austria,* 317 F.3d 954, 973 (9th Cir. 2002) ("[Austria] argues that the
24 evidentiary sources, the witnesses, and the paintings are all located in Austria and a
25 United States district court would be required to apply Austrian law. We do not agree
26 that these factors outweigh [Plaintiff's] choice of forum.")
27
28

**b.**   **The Costs Associated With Dismissal In Favor of a European Forum Would Be a Financial Hardship for Plaintiff.**

It would be exceedingly inconvenient for Plaintiff to be forced to litigate this action in either Germany or Switzerland.  While RapidShare is making, by some accounts, $80 million a year from the infringement of others' property, Plaintiff has lost $60 million and is nearly bankrupt.  Zada Decl. ¶15.  If Plaintiff is forced to pursue this action in either Germany or Switzerland, Plaintiff would be burdened by substantial costs.  Plaintiff would be forced to obtain German counsel, transport as many as fifteen relevant witnesses to Europe for live testimony, and translate extensive documents to German.  Plaintiff's primary witnesses, as well as other relevant witnesses, do not speak German, thus adding a heavy burden of translation costs to Plaintiff.

Defendants have failed to demonstrate that they would experience more hardship in California than Plaintiffs would experience in a European forum.  Defendants point to airplane itineraries, lengthy travel time, overtime payments for employees, and other expenses to establish their inconvenience.  However, they fail to recognize that regardless of the outcome of this motion, one party will have to travel across the world to litigate this action.  These costs would be a great strain on Plaintiff, a small company that is already financially floundering.

Moreover, because RapidShare's yearly revenues are reported to be $80 million, Defendants can easily afford to pay their travel arrangements and production expenses for relevant witnesses and documents.  Zada Decl. ¶7, Exh. 4.  Courts have held that such a financial disparity weighs in favor of continuing the case in the smaller and weaker company's choice of forum.  *See, e.g., J.G. Boswell Tomato Co.--Kern, LLC v. Private Label Foods, Inc.,* 2008 WL 3155041 at *17 (E.D. Cal., August 4, 2008) ("When a disparity exists between the means of the party, the court may consider such means in determining where the suit should proceed."); *Carey v. Bayerische Hypo–*

*Und Vereinsbank AG,* 370 F3d 234, 238 (2nd Cir. 2004) ("For an individual of modest means, the obligation to litigate in a foreign country is likely to represent a considerably greater obstacle than for a large business organization-especially one maintaining a business presence in foreign countries…[Plaintiff's] choice of the home forum may receive greater deference than the similar choice made by a large organization which can easily handle the difficulties of engaging in litigation abroad.").

Defendants assert that they are "unreasonably" being called to the United States to defend their actions. On the contrary, Defendants have no basis for claiming that they should not be required to travel to California to defend themselves where, as here, they run one of the largest infringing paysites in the world, which steals billions of dollars of intellectual property belonging to California companies, and then sells that same property to California residents. Zada Decl. ¶¶4-5, 7-10, 12, Exhs. 1-2, 4-7, 9. Defendants attempt to convince the Court that a German court is convenient for the Plaintiff by pointing to a lawsuit filed by Plaintiff in Germany against AOL.de. Memo at 18:19-26. That case, however, was a very limited legal procedure involving only eight photographs. Zada Decl. ¶14. The expense of this action would be enormous relative to the AOL.de claim. Zada Decl. ¶¶14-15.

It would be exceedingly unfair, under these circumstances, to require Plaintiff to expend additional funds to litigate in a foreign country and under foreign laws. A small and failing California company should not be required to travel to a foreign country to enforce its American copyrights that are being infringed in the United States.

### c.   **This Court can compel unwilling witnesses to testify.**

The two likely RapidShare witnesses necessary for the trial of this case would be the individual defendants, who would be designated to be most knowledgeable of the facts alleged in this case. *See* Fed. R. Civ. P. Rule 30(b)(6). As a party to the litigation, RapidShare's designated persons most knowledgeable can be subject to this Court's jurisdiction, and therefore can be compelled to testify pursuant to the Federal

1    Rules of Civil Procedure. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist.*

2    *Court for Southern Dist. of Iowa,* 482 U.S. 522, 107 S.Ct. 2542 (1987) (holding that

3    the [Hague] Convention does not deprive the District Court of its jurisdiction to order,

4    under the Federal Rules, a foreign national party to produce evidence physically

5    located within the territory of a foreign signatory to the Convention.). *See also Triple*

6    *Crown America, Inc. v. Biosynth AG* 1998 WL 227886, *1 (E.D.Pa., April 30, 1998)

7    ("Resort to the procedures of the Hague convention is not required when discovery is

8    sought from a party to an American lawsuit").

9            **d.**    **American Courts Are Better Able to Enforce a Judgment**

10                 **That is Obtained.**

11           Defendants claim, without citing any authority, that "any judgment obtained

12   against RapidShare would have to be enforced on European territory, the situs of not

13   only RapidShare but the business activities that Perfect 10 seeks to enjoin. . ." Memo

14   at 19:7 – 8.   Defendants ignore that Perfect 10 seeks to enjoin RapidShare from

15   encouraging and permitting U.S. persons and entities to upload and download Perfect

16   10's copyrighted materials.  Thus, unlike *Creative Tech , Ltd. v. Aztech Sys. PTE, Ltd.*

17   61 F.3d 969 (9th Cir. 1995) where tangible infringing goods (sound cards) were being

18   manufactured in Singapore, the "situs" of the infringing activities here is the U.S.

19   Furthermore, a judgment (which includes a permanent injunction) may need to be

20   enforced through third parties located in the United States,  such as internet service

21   providers, RapidShare affiliates, or payment processing companies like Paypal, each of

22   which is an instrumentality of Defendants' illegal conduct.  Defendants have not

23   shown that a European court could enforce an injunction against a U.S. company that

24   is not a party to the suit in Europe.  Indeed, Defendants recognize the uncertainty that a

25   foreign judgment could be enforced in the United States.  Memo at 19:19-20:2.

26           Finally, Defendants allege that European courts have greater authority to enforce

27   judgments against their own citizens.  RapidShare, however, has lost several court

28   actions in Germany, yet continues its illegal activities. Zada Decl. ¶¶9-10, 12-14,

1  Exhs. 6-7, 9-10.  A German or Swiss court will not be able to effectively enforce a

2  judgment that is capable of protecting Plaintiff's interests here in the United States.

3      **C.      The Public Interest Factors Favor Continuing The Action In**

4              **California.**

5          Defendants' theft and sale of most major movies and songs is a direct attack on

6  California's entertainment industry, as well as its tax base.  Courts have consistently

7  recognized that California has a strong interest in providing a forum for its citizens

8  who are injured.  *Dole Food Co.*, 303 F.3d at 1115-16 ; *See also Fields v. Sedgwick*

9  *Associated Risks, Ltd.*, 796 F.2d 299, 302 (9th Cir.1986); *Moss v. Tiberon Minerals*

10 *Ltd.,* 2007 WL 3232266 at *3  (N.D.Cal., November 1,  2007) ("California has a strong

11 interest in providing  a forum for its citizens to vindicate their rights.").  California has

12 an interest in protecting Plaintiff, and other similarly situated companies, from

13 RapidShare's illegal activities.

14         The fact that Germany may have an interest in regulating its local business in

15 connection with copyright laws does not outweigh California's interest in protecting its

16 citizens against illegal copyright infringement.  *Ito v. Tokio Marine & Fire Ins. Co.,*

17 *Ltd.,* 166 Fed.Appx. 932, 935 (9th Cir. 2006)  ("While Japan may have some interest in

18 protecting its corporate insurers, that interest does not outweigh California's interest in

19 protecting its citizens and ensuring that they are compensated for injuries occurring in

20 California.").

21 **III.    GERMANY AND SWITZERLAND ARE NOT ADEQUATE**

22        **ALTERNATIVE FORUMS.**

23         A forum will be considered suitable if its law provides a remedy for the claims

24 sued upon and a valid judgment may be obtained against defendant.  *See Stangvik v.*

25 *Shiley, Inc.*, 54 Cal.3d 744, 752 (1991).  Defendants have failed to show that

26 Switzerland or Germany are adequate forums capable of protecting Plaintiff's interests.

27 In particular, they have failed to show that either forum can provide Perfect 10 with:

28 (a) the ability to recover damages or attorney's fees for Defendants infringing acts;

1  (b) injunctive relief from Defendants infringing activity occurring in the United States;

2  (c) relief against unfair competition by Defendants under California  Business and

3  Professions Code §17200 *et seq.,* California's statutory Unfair Competition Law; or

4  (d) relief under California Civil Code §3344, California's right of publicity statute.

5  **A.    Perfect 10 May Not Be Able To Recover Damages In Either Forum.**

6  Petter Hegre, a photographer who obtained a favorable ruling on September 30,

7  2009 against RapidShare from an appellate court located in Hamburg, Germany, was

8  denied the right to recover either damages or attorneys' fees.  For this reason alone,

9  Defendants' assertion that Germany constitutes an adequate forum is unsupportable.

10 As Hegre's attorney, Daniel Kotz, has stated:  "If being asked if an entity such as

11 Perfect 10 might be granted remedies in German courts, I would have to answer that

12 this is not the case."  Zada Decl. ¶¶13-14, Exh. 10.

13 Furthermore, even if Perfect 10 could recover attorneys' fees and damages for

14 infringements occurring in Germany, nowhere do Defendants suggest that a German or

15 a Swiss court could order Defendants to pay damages to Perfect 10 arising out of

16 RapidShare's unauthorized sales of Perfect 10's intellectual property in the United

17 States.

18 Defendants concede that there are very substantive differences between German

19 and U.S. copyright law.  For example, Defendants state that German law does not

20 provide for punitive damages.  Declaration of Dr. Burkhard Hess ("Hess Decl."), ¶15.

21 Nor does German unfair competition law apply to any infringement of a copyright or

22 trademark. *Id.* ¶22.  Most importantly, German law regarding ownership of copyright

23 and what constitutes a valid transfer of copyright is totally different.  Zada Decl. ¶¶13-

24 14, Exh. 10.  This topic is not even addressed by Defendants' witness, Dr. Hess, who

25 presumably is unaware of exactly how Perfect 10 acquired its copyrights.  Obviously,

26 if Germany does not recognize Perfect 10's  copyrights, Perfect 10 could not obtain

27 relief in German courts.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    German And Swiss Courts Cannot Provide Injunctive Relief In The United States.**

Plaintiff has requested injunctive relief to enjoin Defendants from conducting their illegal activities in the United States.  Defendants have not shown that a German or Swiss court could enjoin infringing activity in the United States.  Nor have they shown that an injunction issued in Germany or Switzerland could prohibit unlawful conduct by RapidShare's infringing United States affiliates, who most likely vastly outnumber those in either Germany or Switzerland.

An injunction obtained in a United States court would enable Perfect 10 to enjoin RapidShare from selling its stolen wares within the United States, and could likely be imposed against key third parties such as internet service providers or payment processors such as PayPal.  Such an injunction would have a much greater impact on protecting Plaintiff's business than an injunction in Germany or Switzerland, which might only prevent RapidShare from selling Plaintiff's property to consumers in those countries.  Further, Defendants could nullify the effect of an injunction in either Germany or Switzerland by simply moving RapidShare's servers to a different country.

**C.    German And Swiss Courts Cannot Provide Relief Against Unfair Competition Under California's Unfair Competition Law.**

Plaintiff seeks relief against Defendants' acts of unfair competition under California Business and Professions Code §§17200 *et seq.,* California's statutory Unfair Competition Law.  Defendants do not explain how Plaintiff would be allowed to seek such relief if this case were transferred to Germany or Switzerland.  In fact, Defendants state that "the German Act against Unfair Competition does not apply to any infringement of a copyright or trademark." Hess Decl. ¶22.  Preventing Defendants from engaging in unfair competition is of utmost importance, not only to Plaintiff, but also to the U. S. entertainment industry.  As long as Defendants are allowed to sell billions of dollars of stolen intellectual property in competition with

1   Plaintiff and others who pay for their content, it will be impossible for most legitimate
2   entertainment companies to compete.  Zada Decl. ¶14.

3   **D.  German And Swiss Courts Likely Cannot Provide Relief For Rights**
4   **Of Publicity Violations Under California Civil Code §3344.**

5   Plaintiff also seeks relief for violations of Perfect 10's assigned rights of
6   publicity under California Civil Code §3344.  Defendants fail to explain how Perfect
7   10 would be able to obtain such relief if this action were transferred to Europe.

8   **IV.  CONCLUSION**

9   The United States Supreme Court and the Ninth Circuit have held that a
10  plaintiff's choice of forum should never be disturbed unless the balance of relevant
11  private and public interest factors is strongly in favor of the defendant, and an adequate
12  alternative forum is available.  Here, the balance of factors substantially favors
13  plaintiff, because Plaintiff is a California corporation, virtually all of the key witnesses
14  and documents are located in California, California provides a better forum to enforce
15  Plaintiff's requested relief, and California has a strong interest in protecting its
16  citizens' copyright interests.  Moreover, Defendants simply have not shown, and
17  cannot show, that California is so oppressive a forum to outweigh Plaintiff's
18  convenience.  Finally, Defendants have not demonstrated, and cannot demonstrate, that
19  either Germany or Switzerland is an adequate forum to protect Plaintiff's interests.  For
20  all of these reasons, Perfect 10 respectfully requests that this Court accord the
21  appropriate deference due to Perfect 10's choice of forum and deny Defendants'
22  motion to dismiss for forum non conveniens.

23  Dated: April 13, 2010              Respectfully submitted,
24                                     KRAUSE, KALFAYAN, BENINK &SLAVENS
25

26                                     By: //s//  Eric J. Benink_____
27                                         Eric J. Benink
                                           Attorney for Plaintiff Perfect 10, Inc
28