GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
WENDY M. MANTELL (SBN 225544)
LORI CHANG (SBN 228142)
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: ballon@gtlaw.com, mantellw@gtlaw.com,
changl@gtlaw.com

Attorneys for defendants
RapidShare AG, Christian Schmid, and Bobby Chang

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAPIDSHARE A.G., a corporation, CHRISTIAN SCHMID; BOBBY CHANG; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 09 CV 2596 H (WMC)<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Filed concurrently with the Supplemental Declarations of D. Raimer, C. Schmid and L. Chang; and Declaration of M. Torke]<br><br>**_[REDACTED]_**<br><br>DATE:    May 12, 2010<br>TIME:    1:30 p.m.<br>CTRM:    13<br>JUDGE:    Hon. Marilyn L. Huff<br><br>DATE FILED:    November 18, 2009<br>TRIAL DATE:    None Set |

## I.    INTRODUCTION

Perfect 10's grounds for asserting jurisdiction in this case are based on information gleaned from third-party websites that is patently false (asserting connections with PayPal, Google and others in California that simply don't exist), statements and misconduct by third-party websites (such as rapidbay.net and filesmixx.com) that are not owned or operated by RapidShare or otherwise attributable to RapidShare (and which in fact RapidShare itself is trying to shut down), and a kind of *res ipsa loquitor* theory of liability and jurisdiction -- that if user material is on a website accessible to plaintiff in Los Angeles, jurisdiction and liability may be established against the nonresident host in San Diego -- that runs contrary to both copyright law and due process.[1]

## II.    PERFECT 10 HAS NOT SHOWN THAT DEFENDANTS HAVE DIRECTLY ENGAGED IN ANY FORUM-RELATED ACTIVITIES

### A.    There Is No California Connection Via PayPal -- RapidShare Contracted With PayPal-Singapore And Works With PayPal-Europe, Not PayPal-U.S.

Perfect 10's claim that RapidShare has substantial contacts with the forum through the use of PayPal in California (Opp. at 5) is false.  RapidShare's contract is with ██████████████████ ███████, not PayPal, Inc. in the United States.[2]

Perfect 10's erroneous assumption that RapidShare (a non-U.S. entity) contracted with PayPal-U.S., rather than with one of its international counterparts, is not surprising given that it relies almost exclusively on flawed Internet searches performed by Norm Zada (although a simple search on PayPal's

---

[1]  Purposeful availment cannot be established unless the defendant has engaged in some form of deliberate, "affirmative conduct" directed at the forum state.  *See Doe v. Unocol Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) ("Purposeful availment . . . requires finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum states.'").  It further cannot be based on random, fortuitous, or attenuated contacts, or the unilateral activities of third parties.  *See Hanson v. Denkla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact within the forum state.").

[2] ███████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

Swiss website, located at www.paypal.com/ch, would have uncovered the Terms of Use and the identity of the correct entity).

**B.    RapidShare Does Not Display Ads On Its Website And Does Not Participate In Google's AdSense Program.**

Perfect 10's assumption that RapidShare is a "Google advertising partner" and a "Google AdSense affiliate" is equally false. *See* Opp. at 5, 11.  Its claim that RapidShare "has entered into agreements with Google to receive payments from Google when users click on Google ads placed its [sic] website," is based again on unreliable hearsay from Internet printouts -- this time something called www.zeropaid.com that doesn't even pretend to offer more than mere speculation. *See* Zada Dec., Ex. 2, p. 4 ("While RapidShare AG says they are moving to Rapidshare.com because the disk space on RapidShare.de drives is exhausted, I *think* it's more related to Google Adsense."; Italics added).

RapidShare has no commercial relationship with Google.  4/29/10 Schmid Dec. (attached as 4/29/10 Raimer Dec., Ex. E), ¶ 24.  It has never participated in Google's AdSense advertising program, and as Perfect 10's own papers demonstrate, a user cannot retrieve a download link simply by performing a Google search unless the uploader has published the link on a third-party website like filestube.com.  *Id.*; *see also* Zada Dec., ¶ 9, Ex. 6 (Google printouts).  Again, a simple search on RapidShare's website reveals that the site displays no ads or links to Google or any of the third-party websites posting allegedly unauthorized files or encouraging misconduct.

In addition, the Google, Visa, and Mastercard logos attached as Exhibit 5 to Zada declaration refer to the payment methods that particular resellers, not RapidShare, may accept.  Supp. Schmid Dec. (attached as Supp. Raimer Dec., Ex. B), ¶ 3.  RapidShare does not have payment processing contracts with Google, Visa, or Mastercard.  *Id.*  The fact that RapidShare may have a contractual relationship with a third party (i.e., the reseller) that itself may have a contract with Google, Visa or Mastercard (though the 3 U.S. resellers do not accept payments via Google Checkout, *see* Zada Dec., Ex. 5) is simply too attenuated (*Asahi Metal Indus. v. Super. Ct.*, 480 U.S. 102, 112 (1987) (rejecting jurisdiction over Japanese company that sold tire parts to a Taiwanese manufacturing company even though 20% of the tires each year were shipped to California)) -- even more so here where the payments are for storage accounts, not infringing content.  *Infra* § C.

**C.** **Perfect 10's Evidence Confirms That Third Parties, Not RapidShare, Are Engaged In The Alleged Acts Of Infringement.**

*Perfect 10's Bald Assertion that defendants themselves posted the allegedly unauthorized files is libelous and untrue.* The files at issue were posted by users, not RapidShare.[3]

*The evidence likewise does not support Zada's mischaracterization of RapidShare as a "pay website" that sells unauthorized content.* RapidShare has presented admissible evidence that RapidShare is a cloud computing company that offers online storage space at www.rapidshare.com,[4] and does *not* sell content. Pfaff Dec., ¶ 4; *see also* 4/29/10 Schmid Dec., ¶ 21. It is a file-hosting site (like Flickr, only RapidShare is not limited to photos) that provides individuals and business users with online storage space for their private files. *See* Pfaff Dec., ¶¶ 4-5. Indeed, RapidShare does not generate *any* revenue from selling content. Supp. Schmid Dec., ¶ 3.[5]

*Zada's Google searches demonstrate only that third-parties (not defendants) may be engaged in encouraging allegedly infringing activities.* As set forth in Zada's declaration, the download links at issue were discovered on third-party websites such as rapidsharetang.com, rapidbay.net, filesmixx.com,

---

[3] 3/23/10 Schmid Dec. (attached as 3/23/10 Raimer Dec., Ex. A), ¶ 7; 3/23/10 B. Chang Dec. (attached as 3/23/10 Raimer Dec., Ex. B), ¶ 9; *see also* 3/23/10 Pfaff Dec., ¶¶ 7-8; 4/29/10 Hartojo Dec., ¶¶ 12-13; 4/29/10 Schmid Dec., ¶ 21.

[4] Cloud computing refers to the shifting of computing tasks and storage from personal computers and local in-house company servers to remote systems available on the Internet. With RapidShare, companies and individuals can benefit from huge storage capabilities without having to pay for hardware, software and 24/7 maintenance and without having to transfer files via email, disk or other means (which has become increasingly less efficient given that file sizes continue to grow as computing power and applications increase). *See* Pfaff Dec., ¶¶ 4-5; *see also* defendants' opposition to PI Motion, at pp. 4-5 (providing additional details).

[5] One only needs to visit the RapidShare website to see that RapidShare does not sell porn or for that matter content of any kind and does not publicize or promote content posted by users. Pfaff Dec., ¶¶ 4, 7-10; 4/29/10 Schmid Dec., ¶ 21. RapidShare likewise does not charge "$10 per month" for access to content (as Zada misrepresents in his declaration) and does not allow users to search on its website for download links or files by content. *See* Pfaff Dec., ¶¶ 9-13. Similarly, the accusation that RapidShare charges a premium fee to sell content is false. Like many other websites (such as LinkedIn and Flickr), RapidShare provides both free services and paid premium services. 4/29/10 Schmid Dec., ¶ 22; 4/29/10 L. Chang Dec., Exs. G-F. In fact, ████████████████████████████████████, and both types of accounts offer valuable services that have *nothing* to do with accessing allegedly unauthorized content (which is prohibited by RapidShare's Conditions of Use). *See id.* (elaborating on the intended, legitimate uses of RapidShare site). The value of these services undermine Perfect 10's unsubstantiated argument that no third party user would have any interest in using RapidShare's services other than to download files containing copyrighted material. *See* Opp. at 4.

1  and filestube.com. *See* Zada Dec., ¶ 10, Ex. 6. None of these so-called "RapidShare search engines"

2  are websites owned, controlled, or otherwise sponsored by defendants. Supp. Schmid Dec., ¶ 2; *see also*

3  4/29/10 Schmid Dec., ¶ 2.[6] RapidShare has no "search engine" or index and in fact is trying to shut

4  down the very third-party websites that Perfect 10 seeks to blame on RapidShare (such as filestube.com,

5  filesmixx.com and rapidbay.net).[7]  *See* Pfaff Dec., ¶¶ 9-13; Supp. Schmid Dec., ¶ 2; 4/29/10 Schmid

6  Dec., ¶ 4; Mak Dec., ¶ 2[8]; *see also* Supp. L. Chang Dec. ¶¶ 6-15 (describing how some of the rogue sites

7  have already been taken down). Needless to say, RapidShare does not compensate any of these rogue

8  websites for driving traffic to RapidShare (and seeks to deter and prevent infringement, not encourage

9  it).[9]

10 **III.    PERFECT 10 FAILED TO ESTABLISH "MINIMUM CONTACTS"**

11 **A.    <u>P10 Implicitly Concedes that Bobby Chang Should be Dismissed and That the Only Issue</u>**

12 **<u>Is Whether Specific Jurisdiction May Be Asserted Over RapidShare And Christian Schmid</u>**

13        As an initial matter, Perfect 10 concedes that it cannot assert general jurisdiction over any of the

14 defendants, as that argument has not been raised by Perfect 10 in its opposition papers. *See generally*,

15 Opp. at 7-14 (arguing only that the Court may exercise specific jurisdiction). Any forum-related

16

17 _____

   [6]  Zada also searched blogspot.com, which is a site hosted by Google (http://www.blogger.com/about).

18 [7]  These websites are only able to create an index of files stored on RapidShare if the uploader posts the

19 download link on one of these sites. *See* Pfaff Dec., ¶¶ 7-8, 13.

   [8]  The only websites ever owned or controlled by RapidShare are rapidshare.com, rapidgames.com, and

20 rapidshare.de. 4/29/10 Schmid Dec., ¶ 2. RapidShare has also never sponsored or endorsed third-party

   websites such as filestube.com, rapidbay.net or filesmixx.com. *Id.*, ¶¶ 2-4; Supp. Schmid Dec., ¶ 2

21 [9]

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
**[REDACTED]**

contacts of the defendants therefore *must* arise out of or relate to the underlying dispute.  *E.g., Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

Moreover, Bobby Chang should be immediately dismissed with prejudice because Perfect 10 does not refute any of the evidence demonstrating the lack of minimum contacts with Mr. Chang, and argues only that Christian Schmid should remain personally liable under an alter ego theory based on the Court's ability to assert jurisdiction over the company, defendant RapidShare.  *See* Opp. at 16-17.

Therefore, the only issue to be resolved is whether the Court may assert specific jurisdiction over RapidShare.  As set forth above in section II, Perfect 10 failed to present any *evidence* to establish a *prima facie* showing of jurisdiction (and its bald allegations have been refuted by admissible evidence presented by RapidShare).  *See Chem Lab Products, Inc. v. Stepanek*, 554 F. 2d 371, 372 (9th Cir. 1977) ("Facts, not mere allegations, must be the touchstone" for asserting jurisdiction).  Likewise, as discussed below in section III(B), the mere fact that RapidShare maintains a website that can be accessed in California does not amount to "purposeful availment" where RapidShare has not directed any of its activities towards the forum, and where the alleged acts giving rise to Perfect 10's claims of infringement are based on third-party acts that are too attenuated to support specific jurisdiction over RapidShare.  *Asahi Metal*, 480 U.S. at 109 ("[M]inimum contacts must be based on an act of the defendant," and not on the unilateral act of a consumer or other third party).

**B.**   **Specific Jurisdiction Cannot Be Based On Attenuated Third-Party Acts Where RapidShare Has Not Otherwise Engaged In Conduct Expressly Aimed At California.**

Putting aside alleged contacts that don't exist and are fully refuted by admissible evidence (*supra* § II), Perfect 10's argument boils down to the assertion that RapidShare should be subject to specific jurisdiction because it maintains a website in Germany where users may post unauthorized material that is then accessible in California where users like Norm Zada may download it.  However, jurisdiction under the effects test cannot be based on strict liability or even negligence, only specific intent targeted at the plaintiff, which is absent here where RapidShare seeks to deter and prevent the conduct complained of in this suit.  *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1288 (9th Cir. 1977) ("[I]t may be unreasonable to subject an out-of-state defendant to jurisdiction where the allegedly tortious act is committed outside of the forum state, having only an effect within the state, if the act is

5

*negligent* rather than purposeful."; italics added). Likewise, the fact that it could be foreseeable in a general sense that users might post unauthorized files (which Congress acknowledged in enacting the DMCA; *see* Opp. to PI Mot., p. 17 n.25) is insufficient to confer jurisdiction. *E.g., World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1980) (rejecting the assertion of jurisdiction in Oklahoma even though it was foreseeable that cars sold by defendants could end up causing injury in that state); *see also GTE New Media Serv. v. Bell South,* 199 F.3d 1343, 1349-50 (D.C. Cir. 2000) (holding that the mere accessibility of an out of state website did not "itself show any persistent court of conduct by the defendants in the District.").

1. **RapidShare's operation of a Website does not give rise to jurisdiction where RapidShare has not purposefully directed any act towards the forum.**

The longstanding test for determining purposeful availment is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Woodson.*, 444 U.S. at 297. Further, "minimum contacts must be based on an act of the *defendant*," not a third-party. *See Asahi Metal*, 480 U.S. at 109 (citing *Woodson*); *see also id.* at 112 ("The 'substantial connection,' . . . between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* [Citations omitted.] The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.").

Perfect 10 relies on *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 & 419-20 (9th Cir. 1997), which applies the *Zippo Dot Com* interactivity test, but as noted earlier this is *not* a case where defendants sold Perfect 10 content. RapidShare sells storage space. Any unauthorized files were posted by users. The connection between Perfect 10 and RapidShare is more attenuated.[10]

Moreover, that RapidShare's website may display "interactive" qualities is immaterial where RapidShare itself has not advertised within the forum or otherwise directed its business towards

---

[10] By analogy, courts have found that defamatory statements posted on out-of-state websites such as AOL were insufficient to confer jurisdiction under *Zippo Dot Com. E.g., Bailey v. Turbine Design, Inc.,* 86 F. Supp. 2d 790, 795 (W.D. Tenn. 2000); *Mallinckrodt Med., Inc. v. Sonus Pharm., Inc.,* 989 F. Supp. 265 (D.D.C. 1998); *Medinah Mining v. Amunategui*, 237 F. Supp. 2d 1132, 1136-37 (D. Nev. 2002) (denying jurisdiction over a defendant who posted defamatory remarks on a passive website).

California (as set forth in defendants' moving papers, at pp. 11-15). As the Second Circuit more recently observed, "while the sliding scale analysis may 'help frame the jurisdictional inquiry in some cases . . . it does not amount to a separate framework for analyzing internet-based jurisdiction." . . . . Instead, "traditional statutory and constitutional principles remain the touchstone of the inquiry . . . . As the *Zippo* court itself noted, personal jurisdiction analysis applies traditional principles to new situations.'"). *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 252 (2d Cir. 2007).[11]

### 2. RapidShare does not sell access to content.

As factual matter, RapidShare does not directly sell content via its website at rapidshare.com, or indirectly through so-called "affiliates." 4/29/10 Schmid Dec., ¶ 14; Supp. Schmid Dec., ¶ 3. There is no admissible evidence to support either assertion, which is based solely on the mischaracterizations set forth in the Zada declaration, hearsay, and other unreliable information that is insufficient to establish a prima facie showing that RapidShare engaged in forum-related acts giving rise to plaintiff's claims for infringement. *See Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1107 (C.D. Cal. 1999) ("In this context, a 'prima facie' showing means that plaintiffs . . . produced *admissible* evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction."; italics added).[12]

---

[11] Interactive commercial activity through a website does not (contrary to Perfect 10's argument) by itself constitute purposeful availment. The test set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (E.D. Pa. 1997), which is relied on by the *Colt* case cited by Perfect 10, regarding the level of interactivity of a website, does not displace the traditional standards of purposeful availment set forth in *Woodson* and *Asahi*. *See Robler Mktg. Group, Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1136-7 (S.D. Fla. 2009) (denying jurisdiction where the nonresident defendant's only contacts with the forum was the maintenance of two websites that could be accessed there and worldwide); *see also id.* at 1139-41 (discussing acceptance and criticism of *Zippo* case, stating "[t]he sliding scale [of interactivity analysis set forth in *Zippo*] offers little guidance in the case of a defendant running a website that falls in the middle ground [between 'passive' and 'active']"; *citing Best Van Lines*, 490 F.3d at 252).

[12] The *Colt* cases relied on by Perfect 10 is distinguishable because the defendant there itself actually engaged in the alleged infringing act by selling subscriptions to its website that displayed infringing photos. *See Colt Studio*, 75 F. Supp. 2d at 1106 (the defendant's website sold membership subscriptions for a "$10 monthly fee" to access "members-only" areas of the website where the copyrighted materials were allegedly displayed, and where more than 12% of its worldwide subscribers were California residents). RapidShare, by contrast, has not used its website to sell access to content. 4/29/10 Schmid Dec., ¶ 21; Supp. Schmid Dec., ¶ 3. The images Perfect 10 claims to be infringing were posted by users, not RapidShare, and advertised or even posted on third-party websites that have nothing to do with RapidShare. For the same reason, Perfect 10's reliance on *Stomp* is also unavailing because there, the defendant sold unauthorized goods directly to California users. *See Stomp, Inc. v. Neato, LLC*, 61 F. Supp. 2d 1074, 1078-79 (C.D. Cal. 1999). Neither of these two cases, relied on heavily by Perfect 10, involve third-party acts giving rise to the alleged infringement.

Instead, even Perfect 10's own papers demonstrate (Zada Dec., Ex. 7) that any intentional misconduct here involved third parties.  Moreover, there is no evidence of a connection between RapidShare and filestube.com, rapidbay.net, filesmixx.com, and other third-party websites, which Perfect 10 alleges solely based on Zada's Google searches.  *See* Zada Dec,. ¶ 10, Ex. 7.  However, RapidShare does *not* run an affiliate program to drive traffic to RapidShare and does not endorse or sponsor any of these third-party websites.  Supp. Schmid Dec., ¶ 2; 4/29/10 Schmid Dec., ¶¶ 3-4.  To the contrary, RapidShare has actively sought to prosecute these websites for encouraging unlawful activity on RapidShare's website and has already had some success.  *See* Schmid Dec., ¶ 2; 4/29/10 Schmid Dec., ¶ 4; Supp. L. Chang Dec. ¶¶ 6-15.  Third party activity taking place on third-party websites (in violation of RapidShare's Conditions of Use) cannot form the basis of asserting specific jurisdiction over RapidShare, simply because RapidShare's servers hosts the files alleged to be unauthorized.  *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.2d 707, 712 (4th Cir. 2002), *cert. denied*, 527 U.S. 1105 (2003) (finding that nonresident Internet service provider was not subject to personal jurisdiction on the basis that it provided the bandwidth for hosting a third-party website that displayed photos alleged to have infringed the plaintiff's copyrights) ("If we were to conclude as a general principle that a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction . . . would no longer exist. The person placing information on the Internet would be subject to personal jurisdiction in every State.").

**C.**     **RapidShare Need Not Further Demonstrate That The Exercise Of Jurisdiction Would Be Unreasonable.**

Because Perfect 10 cannot meet its burden of demonstrating purposeful availment, RapidShare need not prove that the exercise of jurisdiction is unreasonable.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2002) (a plaintiff must prove first prove that the defendant purposefully availed itself of the forum and the claim arises out of the defendant's forum -related activities, before the burden shifts to the defendant to prove unreasonableness).  Notwithstanding, RapidShare has sufficiently shown -- both through its moving papers and its opposition to Perfect 10's motion for preliminary injunction ("PI Motion") -- that it would be unfair and unreasonable to compel defendants

to defend themselves in a foreign jurisdiction where the claims asserted by Perfect 10 are lacking in merit because defendants do not sell or copy unauthorized images, actively prosecute third parties who encourage illegal activity on the RapidShare website, and respond expeditiously to takedown notices by blocking access to alleged unauthorized files, and meanwhile, Perfect 10 has refused to comply with its obligations under the DMCA and U.S. copyright law to serve proper notices identifying download links would enable RapidShare to efficiently resolve the alleged abuse. *See* Opposition to PI Motion at 15-18.

**D. Perfect 10 Cannot Assert Personal Jurisdiction Over Christian Schmid**

For the same reasons, Perfect 10 cannot assert jurisdiction over Mr. Schmid which is based on jurisdiction over RapidShare. Moreover, Perfect 10 has not even made a *prima facie* showing to establish an alter ego relationship between Mr. Schmid and RapidShare, for purposes of establishing jurisdiction.[13]

**IV. PERFECT 10 CANNOT ASSERT NATIONWIDE JURISDICTION**

That RapidShare has engaged 3 official resellers to sell premium accounts to the U.S. is insufficient to support jurisdiction under Rule 4(k)(2), where there is no allegation that the infringing acts at issue arise out of or relate to any of these 3 resellers. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006) (personal jurisdiction under the federal long-arm statute must also comport with due process). RapidShare's resellers are simply an unrelated contact.

**V. PERFECT 10 IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY**

A plaintiff does not have a *right* to obtain jurisdictional discovery, especially where the allegations of jurisdictional facts are unsubstantiated and specifically denied by the defendants. *See*

---

[13] To assert jurisdiction over the individual corporate representatives under an alter ego theory, Perfect 10 must show "'(1) that there is such unity of interest and ownership that the separate personalities of [RapidShare and Christian Schmid] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" *Colt*, 75 F. Supp. 2d at 1111 (*citing Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984), where the plaintiff made a *prima facie* showing by "submitting affidavits indicating that the two sole shareholders of several corporations had converted corporate assets for their own use, had dealt with the various corporations as if they were one, and had transferred assets among the corporations, leaving some of them undercapitalized") (finding that the plaintiff failed to make this showing where "[t]he only allegations which would remotely support a finding of an alter ego relationship . . . . [were statements in the complaint that the individual defendant] 'was the conscious, active, and dominant force behind the unlawful acts [of the corporation]' and that 'each defendant was the principal, agent, master servant, partner, or joint venturer with each and every other defendant, and was at all times herein acting pursuant to such agency'").

*Pebble Beach*, 453 F.3d at 1160 ("'[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery....'" (Citation omitted)).  Here, two of Perfect 10's requests (Nos. 2 and 3) should be denied as they are premised on the erroneous assertion that PayPal and other payment processors used by RapidShare are based in California.  *See* █████████; Supp. Schmid Dec., ¶ 3 (resellers, not RapidShare, may use Google, Visa or Mastercard to process payments).  The other request (No. 1) should also be denied because the relevant inquiry to determine whether the alleged acts of infringement arose out of RapidShare's conduct is not simply the number of California users, but those users associated with the files at issue.  However, because Perfect 10 refuses to identify the download links that would have enabled RapidShare to take down the files expeditiously (as Perfect 10 well knows is required under the DMCA, *see Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102, 1113 (9th Cir. 2007)), ████████████████████████████████████████████████████████ ██████████████████████████

## VI.    CONCLUSION

Where, as here, a plaintiff's bald assertions of forum-related contacts are refuted by admissible evidence, and any actual contacts with California (or even the United States overall) do not arise out of or are relate to the underlying claims but are either attenuated (based on defendants' operation of a hosting service in Europe) or attributable to third parties (such as users), defendants' motion to dismiss must be granted.

DATED:  May 4, 2010                          GREENBERG TRAURIG, LLP


                                             By: s/Ian C. Ballon
                                                 Attorneys for defendants RapidShare AG, Christian
                                                 Schmid, and Bobby Chang
                                                 Email:  ballon@gtlaw.com