1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  PERFECT 10, INC., a California corporation, | **CASE NO. 09-CV-2596 H (WMC)** |
| 12                               Plaintiff, | **ORDER:** |
| 13       vs. | **(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; AND** |
| 14 | |
| 15 | |
| 16  RAPIDSHARE AG., a corporation; CHRISTIAN SCHMID; BOBBY CHANG; and DOES 1 through 100, inclusive, | **(2) DENYING DEFENDANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS** |
| 17 | |
| 18                               Defendants. | |

19       On November 18, 2009, Perfect 10, Inc. ("Plaintiff") filed a complaint against

20  RapidShare AG ("RapidShare"), Christian Schmid ("Schmid"), and Bobby Chang ("Chang,"

21  together "Defendants"). (Doc. No. 1.) Plaintiff's complaint alleges causes of action for

22  copyright infringement, trademark infringement, trademark dilution, violation of 15 U.S.C. §

23  1125, violation of California's Unfair Competition Law, violation of rights of publicity, unjust

24  enrichment, and constrictive trust. (Id.) On March 23, 2010, Defendants filed a motion to

25  dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2)

26  and a motion to dismiss for forum non conveniens. (Doc. Nos. 6 & 7.) On April 13, 2010,

27  Plaintiff filed a response in opposition to each motion to dismiss. (Doc. Nos. 14 & 15.) On

28

1  May 4, 2010, Defendants filed a reply in support of their motion to dismiss for lack of personal

2  jurisdiction.  (Doc. No. 36.)  On May 5, 2010, Defendants filed a reply in support of their

3  motion to dismiss for forum non conveniens.  (Doc. No. 37.)

4  The Court held a hearing where the parties addressed Defendants' motions to dismiss

5  on May 12, 2010 at 1:30 p.m. in courtroom 13.  Eric Benink and Jeffrey Mausner appeared on

6  behalf of Plaintiff and  Ian Ballon and Lori Chang appeared on behalf of Defendants.  For the

7  reasons set forth below, the Court grants in part and denies in part Defendants' motion to

8  dismiss for lack of personal jurisdiction and denies Defendants' motion to dismiss for forum

9  non conveniens.

10  ## BACKGROUND

11  Plaintiff Perfect 10, Inc. is a California corporation that owns and operates the internet

12  website located at perfect10.com.  (Doc. No. 1 ¶ 4.)  Plaintiff's business consists of the design,

13  creation, production, promotion, and sale of adult entertainment products, including

14  photographs, videos, magazines, cell phone downloads, and other media.  (Id. ¶ 9.)  Plaintiff's

15  website, perfect10.com, provides users access to content owned by Plaintiff for a membership

16  fee of $25.50 per month.  (Id. ¶ 12.)  Plaintiff alleges that it owns thousands of copyrighted

17  photographs and video productions as well as its Perfect 10 trademarks.  (Id. ¶ 14-15.)

18  Defendant RapidShare is a Swiss company with its headquarters and sole place of

19  business in Cham, Switzerland.  (Doc. No. 6-18 Ex. B ("Chang Decl.") ¶ 10.)  RapidShare has

20  approximately fifty staff members, none of whom reside or are domiciled in the United States.

21  (Id.)   RapidShare provides a file-hosting service, which it analogizes to "an online storage

22  locker."  (Doc. No. 6-2 ("Pfaff Decl.") ¶ 4.)  RapidShare offers both free and paid, premium

23  file-hosting services.  (Doc. No. 26-5 ("4/29 Schmid Decl.") ¶ 22.)  Among other benefits,

24  paying premium-account users receive guaranteed file space.  (Id.)  RapidShare sells a thirty-

25  day premium membership from its website, rapidshare.com, for 6.99 Euros.  (See Pfaff Decl.

26  Ex. B.)  Using either RapidShare's free or premium service, users can upload files from their

27  hard drives or other remote locations onto RapidShare's servers, which are located in

28  Germany.  (Pfaff Decl. ¶ 7; 4/29 Schmid Decl. ¶ 22.)  The servers automatically generate a

1   unique download link (a URL) for each uploaded file.  (Pfaff Decl. ¶ 7.)  The user can then

2   share his  unique download link with third parties who can use the link to access and download

3   the user's uploaded file.  (See id.)

4         Defendant Bobby Chang is the Geschaeftsfuehrer of RapidShare, which is the German

5   equivalent of a CEO.  (Chang Decl. ¶ 1.)  Chang is a German citizen and a resident of

6   Switzerland.        (Id.    ¶    3.)      Defendant    Christian    Schmid    is    RapidShare's

7   Verwaltungsratspraesident, which is a role similar to president of a board of directors.  (Doc.

8   No. 6-18 Ex. A ("Schmid Decl.") ¶ 1.)  Schmid is a German citizen and a resident of

9   Switzerland. (Id. ¶ 3.) Plaintiff alleges that RapidShare, Schmid, and Chang own, operate, and

10  control the Internet websites located at rapidshare.de and rapidshare.com.  (Doc. No. 1. ¶ 5.)

11        Plaintiff's complaint alleges that Defendants knowingly engage in and facilitate ongoing

12  violations of Plaintiff's rights to its copyrighted materials and trademarks, and its rights of

13  publicity.  (Id. ¶ 21.)

14                                        **DISCUSSION**

15  **I.      Personal Jurisdiction**

16  **A.      Legal Standard**

17        When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden

18  of demonstrating that the court may properly exercise personal jurisdiction over the defendant.

19  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).  Absent formal discovery

20  or an evidentiary hearing, a plaintiff need make only a prima facie showing that jurisdiction

21  exists to survive a Rule 12(b)(2) motion to dismiss.  See id.  "Although the plaintiff cannot

22  simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint

23  must be taken as true.  Conflicts between parties over statements contained in affidavits must

24  be resolved in the plaintiff's favor."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797,

25  800 (9th Cir. 2004) (quotation marks and citations omitted).

26        "The general rule is that personal jurisdiction over a defendant is proper if it is

27  permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal

28  due process."  Pebble Beach, 453 F.3d at 1154.  Because California authorizes jurisdiction to

1    the full extent permitted by the Constitution, see Cal. Civ. Proc. Code § 410.10, the relevant

2    inquiry is whether the exercise of jurisdiction over Defendants would be consistent with due

3    process.  See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122,

4    1129 (9th Cir. 2003).

5            The Fourteenth Amendment's Due Process Clause permits courts to exercise personal

6    jurisdiction over any defendant who has sufficient "minimum contacts" with the forum that the

7    "maintenance of the suit does not offend traditional notions of fair play and substantial

8    justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  There are two recognized

9    bases for exercising personal jurisdiction over a non-resident defendant: (1) "general

10   jurisdiction," which arises where a defendant's activities in the forum state are sufficiently

11   "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in

12   all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts

13   with the forum give rise to the claim in question.  See Helicopteros Nacionales de Colombia

14   S.A. v. Hall, 466 U.S. 408, 414-16 (1984).  Here, Plaintiff argues that the Court has specific

15   jurisdiction over Defendants.[1]  (Doc. No. 14.)

16          The Ninth Circuit applies a three-prong test to determine whether a court may exercise

17   specific jurisdiction over a defendant:

18          (1) [t]he non-resident defendant must purposefully direct his activities or

19          consummate some transaction with the forum or resident thereof; or perform

20          some act by which he purposefully avails himself of the privilege of conducting

21          activities in the forum, thereby invoking the benefits and protections of its laws;

22          (2) the claim must be one which arises out of or relates to the defendant's

23

24

25   _____

          [1]Plaintiff also argues that the Court may exercise federal long-arm jurisdiction pursuant
     to Federal Rule of Civil Procedure 4(k)(2).  (Doc. No. 14 at 19-20.)  Rule 4(k)(2) provides that
26   "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service
     establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to
27   jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is
     consistent with the United States Constitution and laws."  Since the Court determines that
     RapidShare is subject to jurisdiction in California, the Court concludes that it is unnecessary
28   to assess jurisdiction pursuant to Rule 4(k)(2).

1      forum-related activities; and (3) the exercise of jurisdiction must comport with

2      fair play and substantial justice.

3  Schwarzenegger, 374 F.3d at 802.  The plaintiff bears the burden of establishing that the first

4  two prongs of the test are satisfied.  Id. at 802.  "If the plaintiff succeeds in satisfying both of

5  the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that

6  the exercise of jurisdiction would not be reasonable."  Id. (citing Burger King Corp. v.

7  Rudzewicz, 471 U.S. 462, 476-78 (1985)).

8  **B.      Personal Jurisdiction Over RapidShare**

9  **1.      Purposeful Availment**

10      A defendant purposefully avails himself of a forum "if the defendant has taken

11  deliberate action within the forum state or if he has created continuing obligations to forum

12  residents.  It is not required that a defendant be physically present within, or have physical

13  contacts with, the forum, provided that his efforts are purposefully directed toward forum

14  residents." Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 417 (9th Cir. 1997) (citing Ballard

15  v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)).  In the context of internet-based activities, the

16  Ninth Circuit has "discussed with approval a sliding scale analysis that looks to how

17  interactive an Internet website is for purposes of determining its jurisdictional effect."

18  Boschetto v. Hansing, 539 F.3d 1011, 1018 (9th Cir. 2008) (citing Cybersell, 130 F.3d 414).

19  The court in American Automobile Association, Inc. v. Darba Enterprises, Inc., No. C 09-

20  00510, 2009 WL 1066506, *4 (N.D. Cal. Apr. 21, 2009) summarized this "sliding scale"

21  approach:

22      At one end of the scale are "passive" websites which merely display

23      information, such as an advertisement. See [Stomp, Inc. v. NeatO, LLC, 61 F.

24      Supp. 2d 1074, 1078 (C.D. Cal. 1999).  Personal jurisdiction is "not appropriate

25      when a website is merely . . . passive."  Id.  At the other end of the scale are

26      "interactive" websites which function for commercial purposes and where users

27      exchange information.  See [Cybersell, 130 F.3d at 418].  Personal jurisdiction

28      is appropriate "when an entity is conducting business over the internet." Stomp,

09cv2596

1        Inc., 61 F. Supp. 2d at 1078.  Where a website is somewhere between the two

2        extremes, "the likelihood that personal jurisdiction can be constitutionally

3        exercised is directly proportionate to the nature and quality of commercial

4        activity that an entity conducts over the internet." Cybersell, 130 F.3d at 419.

5        RapidShare operates a highly interactive website.  The company, through its website,

6 sells users monthly and annual subscriptions to its file-hosting service. (See Pfaff Decl. Ex.

7 B.)  RapidShare does not dispute that it has paying customers in California.  (See Doc. Nos.

8 6 & 36.)  Additionally, it is undisputed that California residents utilize RapidShare's file-

9 hosting service to upload materials onto RapidShare's servers and to download materials that

10 are available on RapidShare's servers.  Plaintiff has presented evidence that RapidShare

11 receives over 40 million visitors per day, that it is the twelfth most visited website on the

12 Internet, and that the company makes approximately $80 million in yearly revenue. (Doc. No.

13 14-3 ("Zada Decl.") ¶ 7, Ex. 4.)  Based on this information, Plaintiff argues that thousands of

14 persons in California must utilize RapidShare's services.  (Doc. No. 14 at 14.)   Defendants

15 concede that "RapidShare presumes that some of its users may be California residents." (Doc.

16 No. 6-1 at 12 n.7.)

17        Notwithstanding the California users of RapidShare, Defendants argue that "the

18 'contacts' that give rise to Perfect 10's complaint are based on the alleged conduct of third-

19 party users who have abused RapidShare's services in violation of their contracts with

20 RapidShare by allegedly saving infringing files onto RapidShare's websites and distributing

21 those links to others." (Doc. No. 6-1 at 18.)  Defendants' argument addresses the merits of

22 Plaintiff's claims, and not RapidShare's contacts with the forum state.  In essence, Defendants

23 argue that they are not responsible for the allegedly infringing actions of their California users.

24 For purposes of determining whether RapidShare has purposefully availed itself of the forum,

25 the Court need not decide who is responsible for the alleged infringement.  The relevant facts

26 with respect to purposeful availment are that RapidShare sells subscriptions to its web-based

27 services to California users and that California residents utilize RapidShare's interactive

28 website and servers to upload and download materials.  Considering the nature and quality of

09cv2596

1  the commercial activity that RapidShare conducts over the Internet, the Court concludes that

2  Plaintiff has met its burden of showing that RapidShare has purposefully availed itself of this

3  forum.   See Cybersell, 130 F.3d at 419.

4  **2.      Arising Out of Forum-Related Activities**

5        The second requirement for specific, personal jurisdiction is that the plaintiff's claims

6  arise out of the defendant's forum-related activities.  Schwarzenegger, 374 F.3d at 802.  The

7  Ninth Circuit has adopted a "but for" test when assessing whether an action arises out of a

8  defendant's contacts with the forum state.  See, e.g., Panavision, Intern., L.P. v. Toeppen, 141

9  F.3d 1316, 1322 (9th Cir. 1998).

10       Plaintiff contends that its claims arise out of RapidShare's forum-related activities

11  because RapidShare possesses illegal copies of Plaintiff's copyrighted materials and sells

12  California subscribers access to those materials.  (Doc. No. 14 at 15-16.)  Defendants argue

13  that the relatedness requirement is not met because RapidShare's contacts are based on the

14  alleged activities of third-party users who abuse RapidShare's website.  (Doc. No. 6-1 at 20.)

15  Defendants' argument focuses on the merits of Plaintiff's claim and not on RapidShare's

16  contacts with California.  For purposes of personal jurisdiction, RapidShare's relevant contacts

17  with the forum include its use of rapidshare.com to sell (and provide without charge)

18  California residents access to RapidShare's file-hosting service which allows California

19  residents to download infringing materials.  Plaintiff's claims arise out of RapidShare's forum-

20  related activities involving California users of RapidShare.  Accordingly, the Court concludes

21  that Plaintiff has met its burden of showing that its lawsuit arises out of RapidShare's contacts

22  with this forum.

23  **3.      Reasonableness**

24       If a plaintiff meets its burden of satisfying the first two prongs, as Plaintiff has here, the

25  burden shifts to the defendant to present a compelling case that the exercise of jurisdiction

26  would be unreasonable.  Schwarzenegger, 374 F.3d at 802.  In evaluating reasonableness,

27  courts must consider:

28       (1) the extent of the defendant's purposeful injection into the forum; (2) the

1    defendant's burdens from litigating in the forum; (3) the extent of conflict with

2    the sovereignty of the defendant's state; (4) the forum state's interest in

3    adjudicating the dispute; (5) the most efficient judicial resolution of the

4    controversy; (6) the importance of the forum to the plaintiff's interest in

5    convenient and effective relief; and (7) the existence of an alternative forum.

6  Ziegler v. Indian River County, 64 F.3d 470, 474-75 (9th Cir. 1995).  The court should weigh

7  all seven factors, and no single factor is dispositive.  Id. at 475.

8        After considering the parties' arguments, the Court concludes that Defendants have not

9  met their burden of showing that the Court's exercise of jurisdiction over RapidShare is

10 unreasonable.  RapidShare has purposely availed itself of this forum by its conceded contacts

11 with California users of its service.   While RapidShare is a Swiss company and its

12 representatives will have to travel to litigate in this forum, the Court concludes that this factor

13 does not render the exercise of jurisdiction unreasonable.  Much of the evidence in the case

14 will be produced electronically, and many of the relevant witnesses and documents appear to

15 be located in California.  California's interest in adjudicating this dispute is significant, as

16 Plaintiff is a California corporation and the state has an interest in the enforcement of its

17 residents' intellectual property rights.  Considerations regarding efficient judicial resolution

18 of this controversy do not weigh in favor of dismissal.  It appears that the parties, evidence, and

19 witnesses relevant for this case can be found in California, Switzerland, Germany, and

20 elsewhere.  Proceeding in California will be no less efficient than proceeding in another

21 location.  Plaintiff, who chose to litigate here, has a significant interest in the convenient and

22 effective relief that this forum affords, as Plaintiff is a California corporation interested in

23 stopping allegedly infringing activities occurring in California and elsewhere in the United

24 States.  Finally, the existence of an alternative forum in either Switzerland or Germany does

25 not persuade the Court that the exercise of jurisdiction over Defendants would be

26 unreasonable.  Accordingly, the Court concludes that Defendants have failed to present a

27 compelling case that this Court's exercise of jurisdiction would be unreasonable.   See

28 Schwarzenegger, 374 F.3d at 802. The Court denies Defendants' motion to dismiss for lack

1 of personal jurisdiction as to RapidShare without prejudice.

2 **C.      Personal Jurisdiction Over Schmid and Chang**

3        When considering personal jurisdiction, courts must assess each defendant's contacts

4 with the forum state individually.  Calder v. Jones, 465 U.S. 783, 790 (1984).  Defendants

5 argue that Schmid and Chang are not subject to this Court's jurisdiction because they, as

6 individuals, have not purposefully availed themselves of the forum.  (See Doc. No. 6-1 at 12.)

7 Chang is a German citizen and a resident of Switzerland.  (Chang Decl. ¶ 3.)  He has never

8 lived in California or anywhere in the United States.  (Id.)  Since joining RapidShare in 2006,

9 Chang has not traveled on business to the United States.  (Id.)  Chang has no bank accounts

10 or other tangible personal or real property in the United States.  (Id. ¶ 4.)  Schmid is also a

11 German citizen and a resident of Switzerland.  (Schmid Decl. ¶ 3.)  He has never lived in

12 California or elsewhere in the United States, nor has he ever visited the United States.  (Id.)

13 He has no bank accounts or other tangible personal or real property in the United States.  (Id.

14 ¶ 4.)  Both Schmid and Chang submitted declarations stating that they have never intentionally

15 encouraged RapidShare users or other third parties to infringe Plaintiff's images, and that they

16 have never personally copied or distributed any of Plaintiff's copyrighted materials.  (Id. ¶ 7;

17 Chang Decl. ¶ 9.)  Plaintiff has presented no contrary evidence regarding Schmid and Chang's

18 contacts with California or their personal involvement in the alleged infringement.  Based on

19 the evidence presented, the Court concludes that Schmid and Chang have not, as individuals,

20 purposefully availed themselves of this forum.

21        Plaintiff argues that Schmid and Chang are nonetheless liable because they are the

22 moving, active, conscious force behind RapidShare's infringing activity.[2]  (Doc. No. 14 at 20-

23 21.)  "Under the fiduciary shield doctrine, a person's mere association with a corporation that

24 causes injury in the forum state is not sufficient in itself to permit that forum to assert

25

26

27        [2]Plaintiff only appears to argue that Schmid is subject to jurisdiction because of his role
as a moving, active, conscious force behind the infringing activities.  (See Doc. No. 14 at 20-
21.)  The Court will address this basis for liability as to both Schmid and Chang, however,
28 because Plaintiff has presented no alternative theory for maintaining jurisdiction over Chang.

1  jurisdiction over the person." Davis v. Metro Prod., Inc., 885 F.2d 515, 520 (9th Cir. 1989).

2  To find jurisdiction over Schmid and Chang based on RapidShare's contacts with the forum

3  state, "there must be a reason for the court to disregard the corporate form." Id. Plaintiff has

4  not presented evidence or argument sufficient to convince the Court that it is appropriate to

5  disregard RapidShare's corporate form.  Accordingly, because the Court concludes that

6  Schmid and Chang have not purposefully availed themselves of this forum, and because the

7  Court cannot assert jurisdiction over Schmid and Chang based on RapidShare's contacts with

8  the forum, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction as

9  to Schmid and Chang without prejudice.

10  **II.    Forum Non Conveniens**

11         "A defendant invoking forum non conveniens ordinarily bears a heavy burden in

12  opposing the plaintiff's chosen forum." Sinochem Intern. Co. Ltd. v. Malaysia Intern.

13  Shipping Corp., 549 U.S. 422, 430 (2007).  The defendant "must show two things: (1) the

14  existence of an adequate alternative forum, and (2) that the balance of private and public

15  interest factors favors dismissal." Boston Telecomms. Group, Inc. v. Wood, 588 F.3d 1201,

16  1206 (9th Cir. 2009).  A plaintiff's choice of forum should not be disturbed "unless the 'private

17  interest' and 'public interest' factors strongly favor trial in the foreign country." Dole Foods

18  Co., Inc. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002). If a plaintiff is a Untied States citizen,

19  the defendant must satisfy a particularly heavy burden because when a plaintiff chooses its

20  home forum, it is reasonable to assume that its choice is convenient. Piper Aircraft Co. v.

21  Reyno, 454 U.S. 235, 255-56 (1981); Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th

22  Cir. 2001).  The Ninth Circuit has noted that

23         the standard to be applied [to a motion for dismissal on the ground of forum non

24         conveniens] is whether . . . defendants have made a clear showing of facts which

25         . . . establish such oppression and vexation of a defendant as to be out of

26         proportion to plaintiff's convenience, which may be shown to be slight or

27         nonexistent.

28  Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir. 1983).  Forum non conveniens is "an

- 10 -                                          09cv2596

1   exceptional tool to be employed sparingly." Ravelo Monegro v. Rosa, 211 F.3d 509, 524 (9th

2   Cir. 2000).

3      Here, the Court concludes that the balance of private and public interest factors do not

4   favor dismissal, and accordingly declines to address the adequacy of an alternative forum.

5   **A. Private Interest Factors**

6      To determine whether dismissal is appropriate, a court should consider the following

7   private interest factors:

8      (1) the residence of the parties and the witnesses; (2) the forum's convenience

9      to the litigants; (3) access to physical evidence and other sources of proof; (4)

10      whether unwilling witnesses can be compelled to testify; (5) the cost of bringing

11      witnesses to trial; (6) the enforceability of the judgment; and (7) all other

12      practical problems that make trial of a case easy, expeditious and inexpensive.

13   Lueck, 236 F.3d at 1145 (citing Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947)).  "The district

14   court should look to any or all of the above factors which are relevant to the case before it,

15   giving appropriate weight to each.  It should consider them together in arriving at a balanced

16   conclusion." Id. at 1145-46.

17      After considering the private interest factors, the Court concludes that they do not weigh

18   in favor of dismissal.  The necessary parties and witnesses are located in California,

19   Switzerland, Germany, and elsewhere.  While RapidShare's representatives and some

20   witnesses will have to travel to litigate in this forum, dismissing this action in favor of a

21   European venue would mean that Plaintiff and its witnesses would have to travel the same

22   distance.  The same is true of the relevant physical evidence.  Plaintiff argues that tens of

23   thousands of documents relating to Plaintiff's proof of copyright ownership are located in the

24   United States, primarily in California.  (Doc. No. 15 at 11.)  Defendants argue that all of their

25   relevant information and documents are located in Switzerland or Germany.  (Doc. No. 7-1 at

26   22.)  Enough of the physical evidence appears to be in California that this factor does not

27   weigh in favor of dismissal.  Moreover, much of the evidence in this case will likely be

28   electronic and will easily be made available in this forum.  Defendants contend that "a

09cv2596

1  European trial offers better means to compel witnesses." (Id. at 25.)  However, Defendants'

2  motion to dismiss does not identify any unwilling witnesses who are important for

3  RapidShare's case and whose attendance the Court will be unable to compel.  With respect to

4  cost, the Court concludes that the financial burden of bringing witnesses to this forum is not

5  so great as to weigh in favor of dismissal.  Defendants argue that a judgment from this Court

6  would have to be enforced in Switzerland or Germany and that the judgment may not be fully

7  recognized if it conflicts with those nations' public policies or laws.  (Id. at 24.)  Plaintiff

8  points out, however, that it seeks to enjoin RapidShare from "encouraging and permitting"

9  United States residents to upload and download Plaintiff's copyrighted materials. (Doc. No.

10  15 at 16.)  Accordingly, Plaintiff values the ability of this Court to enforce any judgment

11  domestically.  The Court does not consider proceeding in this forum imprudent in the face of

12  the potential international enforcement difficulties cited by Defendants.  Finally, the Court can

13  conceive of no other practical problems that are sufficiently substantial to warrant disrupting

14  Plaintiff's choice of forum.

15  **B.      Public Interest Factors**

16        In addition to the private interest factors, the Court must consider the following public

17  interest factors: "(1) local interest of lawsuit; (2) the court's familiarity with governing law;

18  (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving

19  a dispute unrelated to this forum."  Lueck, 236 F.3d at 1147 (citing Piper Aircraft, 454 U.S.

20  at 259-61; Gulf Oil, 330 U.S. at 508-09).

21        The public interest factors weigh in favor of maintenance of this suit in California.  The

22  local interest in the lawsuit is substantial, as Plaintiff is a California corporation seeking to

23  ensure the protection of its intellectual property rights and to combat infringement occurring

24  in this forum.  Defendants suggest that European law might apply to the controversy, and

25  Plaintiff has not adequately briefed the issue for purposes of this motion.  Even assuming

26  foreign law applies, the Court concludes that this factor does not tilt the scales in favor of

27  dismissal.  Considering the forum's interest in the controversy, the Court also concludes that

28  the burden and cost of proceeding with this litigation in California are not so great as to

1    warrant dismissal.

2           Because the Court concludes that the balance of the private and public interest factors

3    do not favor dismissal, the Court denies Defendants' motion to dismiss for forum non

4    conveniens.

5           Defendants filed several evidentiary objections to Dr. Norman Zada's declaration in

6    opposition to Defendants' motions to dismiss. (Doc. No. 36-4.) The Court notes Defendants'

7    objections.  To the extent they are valid, the Court sustains them.  To the extent they are

8    invalid, the Court overrules them.

9                                        **CONCLUSION**

10          For the reasons set forth above, the Court denies without prejudice Defendants' motion

11   to dismiss for lack of personal jurisdiction as to RapidShare, and grants without prejudice

12   Defendants' motion to dismiss for lack of personal jurisdiction as to Schmid and Chang. The

13   Court also denies Defendants' motion to dismiss for forum non conveniens.

14          **IT IS SO ORDERED**.

15   DATED: May 12, 2010

16                                              _____
                                                MARILYN L. HUFF, District Judge
17                                              UNITED STATES DISTRICT COURT

18   COPIES TO:

19   All parties of record

20

21

22

23

24

25

26

27

28