10 MAY 17  PM 12: 24

BY: ~~TB~~     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>RAPIDSHARE AG., a corporation; CHRISTIAN SCHMID; BOBBY CHANG; and DOES 1 through 100, inclusive,<br><br>                                    Defendants. | **CASE NO. 09-CV-2596 H (WMC)**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

On May 5, 2010, Defendants filed a motion for leave to file documents under seal in connection with Defendants' replies in support of their motions to dismiss for lack of personal jurisdiction and forum non conveniens. (Doc. No. 38.) Specifically, Defendants seek to file under seal unredacted versions of the following documents:

    (1)    Supplemental declaration of Christian Schmid (German and English versions, attached as Exhibits A and B, respectively, to the Supplemental Declaration of Daniel Raimer);

    (2)    Declaration of Mathoni M. Torke;

1
2
      (3)     Defendants' reply in support of Defendants' motion to dismiss for lack of personal jurisdiction; and

3
4
      (4)     Defendants' reply in support of Defendants' motion to dismiss for forum non conveniens.

5 (Id.) Defendants had an opportunity to address their motion at a hearing on May 12, 2010.

6       Historically, courts have recognized a "general right to inspect and copy public records
7 and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc.,
8 435 U.S. 589, 597 & n.7 (1978). However, courts have "broad latitude to grant protective
9 orders to prevent disclosure of materials for many types of information." Phillips v. General
10 Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002). In exercising that discretion, the court
11 must determine whether good cause for such an order exists. Id. at 1210.

12       After considering Defendants' arguments, the Court concludes that good cause exists
13 to file portions of Defendants' documents under seal. Defendants may file under seal an
14 unredacted version of the declaration of Mathoni M. Torke and the portions of Defendants'
15 reply briefs that refer to information contained in that declaration. Additionally, Defendants'
16 may file under seal an unredacted version of the supplemental declaration of Christian Schmid
17 and the portions of Defendants' reply briefs that refer to information contained in that
18 declaration. To the extent that Defendants' motion seeks to file under seal other portions of
19 their reply briefs, the Court denies Defendants' motion. The Court reserves the right to refer
20 to any information contained in sealed documents in its orders. The Court will not redact its
21 orders or file any portion of its orders under seal.

22       Defendants also seek to designate certain material as "confidential" and "confidential -
23 trial counsel eyes only." (Id.) The Court grants Defendants' request to designate the presented
24 material as "confidential" and orders that the information should not be disclosed to anyone
25 other than the parties and attorneys. The Court denies Defendants' request to designate certain
26 material as "confidential - trial counsel eyes only." Defendants seek to keep certain material
27 out of the hands of Dr. Norman Zada, President of Plaintiff Perfect 10. The Court concludes
28 that Dr. Zada is a party who has a unique significance to the prosecution of the case. Absent

09cv2596

1  evidence that Dr. Zada has failed to comply with Court orders regarding confidentiality, Dr.

2  Zada should have access to all material.

3       The Court reserves the right to modify or dissolve this order as appropriate.

4       **IT IS SO ORDERED**.

5  DATED: 5\17\10

6   

7                  MARILYN L. HUFF, District Judge
                UNITED STATES DISTRICT COURT

8  COPIES TO:

9  All parties of record

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv2596