Eric J. Benink, Esq., SBN 187434
Krause Kalfayan Benink & Slavens, LLP
625 Broadway, Suite 635
San Diego, CA 92101
(619) 232-0331 (ph)
(619) 232-4019 (fax)
eric@kkbs-law.com

Jeffrey N. Mausner, Esq., SBN 122385
David N. Schultz, Esq. SBN 123094
Law Offices of Jeffrey N. Mausner
21800 Oxnard St., Suite 910
Woodland Hills, CA 91367
(310) 617-8100 (ph)
(818) 716-2773 (fax)
jeff@mausnerlaw.com
schu1984@yahoo.com

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>            Plaintiff<br>      v.<br><br>RAPIDSHARE A.G., a corporation; CHRISTIAN SCHMID; BOBBY CHANG; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: CV 09-2596 H WMc<br><br>**PERFECT 10'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSITION TO RAPIDSHARE'S MOTION FOR PROTECTIVE ORDER**<br><br>DATE:   TBA<br>TIME:   TBA<br>CTRM:  C<br>JUDGE: Hon. William McCurine, Jr.<br><br>DATE FILED: November 18, 2009<br>TRIAL DATE: None Set |

## I. INTRODUCTION

Defendant RapidShare A.G. ("RapidShare") seeks entry of a protective order that includes a Trial Counsel Eyes Only ("TCO") provision.  It also requires Plaintiff Perfect 10, Inc. ("Perfect 10") to advise RapidShare when it is providing its consultants TCO materials.  See Proposed Protective Order ("Order"), ¶¶ 4, 5.  The Order suffers from three major infirmities.

First, it fails to recognize that Judge Huff's May 17, 2010 Order (Doc. No. 66) denying RapidShare's motion to designate materials as Trial Counsel Only  ("TCO") dispenses with the notion that a TCO designation is appropriate in this action.  In the Order, the Court recognized Dr. Norman Zada as a party with "a unique significance to the prosecution of the case."   She also ruled that "Dr. Zada should have access to all material," without qualification.  Judge Huff's May 17 order effectively modified Judge McCurine's order and allowed Dr. Zada to see material that had already been ruled as TCO, as well as all future material, whether designated TCO or not.

Second, even if a TCO designation were to be considered, the procedure set forth in the proposed protective order unfairly burdens the non-designating party with unwinding the designation through a noticed motion.  Considering the unlikelihood that such a TCO designation will ever be warranted, any burden to designate materials as TCO must be borne by the designating party.

As previously explained and recognized by Judge Huff, Dr. Zada is a party that has a "unique significance" to this litigation and has never previously violated a confidentiality order.  Thus, allowing RapidShare the ability to deprive him of materials  simply by unlaterially designating a document as TCO without prior Court approval is an assault on the attorney-client relationship.

Furthermore, paragraphs 4 and 5 of the Order require Perfect 10 to alert RapidShare each time it is communicating a TCO designated document to one of its consultants, which is violative of the attorney work product doctrine.

Finally, RapidShare is continuing to attempt to smear Dr. Zada, and has once again wrongly accused Dr. Zada of making incorrect statements to a reporter, in an attempt to unduly influence the Court.  Judge Huff already considered these bogus accusations and concluded that Dr. Zada was entitled to review all documents.  If anyone's credibility should be questioned, it is RapidShare's.  On May 19, 2010, Senator Orin Hatch and the Congressional Anti-Piracy Caucus identified RapidShare as being one of the world's six priority infringing websites that must be dealt with to protect United States intellectual property.  RapidShare founder and CEO Christian Schmid subsequently criticized the U.S. Congress for its characterization of RapidShare as a "notorious" illegal website.   Dr. Zada has no intention violating any protective orders.  See Declaration of Dr. Norman Zada ("Zada Decl.") attached hereto.

Perfect 10 respectfully requests that the Court enter Perfect 10's proposed protective order, lodged herewith, or alternatively, a protective order that does not include a TCO designation and allows Dr. Zada to see materials so designated.  (A comparison document, which allows the Court to easily compare the competing versions is attached to the Declaration of Jeffrey N. Mausner filed hereto, Exh. 1.)  If the Court is inclined to include a TCO designation provision, the provision must be drafted to require the designating party to obtain Court approval prior to the designation.  Furthermore, paragraphs 4 and the reference to it in paragraph 5, which allow RapidShare to monitor communications between Perfect 10 and its consultants must be stricken.

## II. ARGUMENT

### A. The Court's May 17, 2010 Ruling Precludes Rapdishare From Using TCO Designations In This Action

On May 5, 2010, in support of its reply briefs in support of its motions to dismiss, Rapidshare filed a motion to designate certain materials as "Confidential" and a subset of those documents as "Confidential – Trial Counsel's Eyes Only." (Doc. No.

38.) On May 17, 2010, the Court granted the motion to designate the materials "Confidential," but denied the motion to designate certain materials as "Confidential – Trial Counsel's Eyes Only." The Court ruled:

> Defendants seek to keep certain material out of the hands of Dr. Norman Zada, President of Perfect 10. The Count concludes that Dr. Zada is a party who has a unique significance to the prosecution of the case. Absent evidence that Dr. Zada has failed to comply with Court orders regarding confidentiality, **Dr. Zada should have access to all material.** (Emphasis added).

(Doc. No. 66.) Judge Huff came to this conclusion after reviewing extensive briefings, including numerous declarations submitted by Dr. Zada in three hotly-contested motions, which culminated in a three-hour court hearing on May 12, 2010. Magistrate Judge McCurine did not have the benefit of analyzing these extensive briefs in which Dr. Zada's integral involvement in this litigation was demonstrated.

While Rapidshare implies that the Court's ruling only applies to the materials sought to be designated in its second motion of May 5, 2010 (Defs. Brf. 6: 8 – 10), the Court's findings apply to the litigation in general. For example, the Court did not state that Dr. Zada needed access to the specific materials at issue in that motion, but rather, concluded that Dr. Zada is significant *to the prosecution of the case*. Furthermore, the Court indicated that Dr. Zada should be entitled to review **all material** unless he was found to have violated a court order. Unless and until that occurs (which it never will), a procedure for TCO designations is unwarranted.

In fact, Judge Huff effectively overruled (at least partially) Magistrate Judge McCurine's May 5, 2010 order that had granted RapidShare's request to designate as TCO, certain items filed in support of RapidShare's opposition to Perfect 10's Preliminary Injunction motion. (Doc. No. 39). RapidShare's May 5, 2010 Motion (Doc. No. 38) sought TCO designation of materials that Magistrate Judge McCurine had previously ordered to be designated TCO. *See*, RapidShare's Points and Authorities in Support of its May 5, 2010 Motion for Leave to File Documents Under

Seal (Doc. No. 38-1), p. 4, ln 19 - 21 (explaining that one of the items in question "pertains to information that has already been ordered sealed pursuant to Magistrate Judge McCurine's order of May 4, 2010.")  When Judge Huff entered her May 17, 2010 order denying all TCO designations after reviewing the substantial briefings, she apparently concluded that the TCO designations approved by Magistrate Judge McCurine were unwarranted.

### B.     The Proposed Protective Order Unfairly Burdens The Non-Designating Party

RapidShare's proposed Order references mutual obligations and duties.  But it is Rapidshare, not Perfect 10, that will designate materials as TCO.  Therefore, the protective order must be read with the understanding that the burdens and obligations of the non-designating party will likely fall on Perfect 10.

The proposed Order allows Rapidshare to designate materials as TCO without a court order.  (Order, ¶ 1.)  In order to challenge the designation, Perfect 10 would be required to meet and confer with Rapidshare within 10 days and if the parties could not resolve their differences,  it would be forced to file a noticed motion to change or remove the designation.  (Order, ¶ 17.)

This process is unworkable.  First, between the meet and confer process and a 28-day noticed motion period (not to mention time to draft the motion), Perfect 10 will be hamstrung in its effort to litigate for at least 30 days.  As history shows, these designations are often made in documents filed in support of or in opposition to motions.  By the time the TCO motion is heard, the underlying motions containing the TCO designations will be fully briefed and submitted.  In other words, Dr. Zada will be precluded from fully participating as a result of Rapidshare's unilateral decision to designate materials as TCO for 30 days regardless of the outcome of the motion to challenge the designation.

Second, it will be difficult to challenge Rapidshare's TCO designation unless Perfect 10 fully understands the reasons for the designation.  Requiring Perfect 10 to

initiate the process by a noticed motion without an understanding of Rapidshare's bases for the TCO designation is illogical. Rapidshare must be required to present an explanation as to why such materials are so sensitive that not even the opposing party can view it.

Perfect 10 requests that to the extent a TCO designation is to be included in the Order, the designating party be required to obtain Court approval prior to the designation.

### C.     Paragraph 4 of the Proposed Order Violates the Attorney Work Product Doctrine

If the Court accepts the TCO designation, Paragraph 4 (and the reference to it in paragraph 5) must nevertheless be stricken as unreasonable and violative of the attorney work-product doctrine. In sum, Paragraph 4 precludes Perfect 10 from sharing TCO materials with its consultants unless Perfect 10 first (i) notifies RapidShare of the name of the consultant and his or her employer and relationship to Perfect 10 (¶ 4(a)), and (ii) discloses to RapidShare, the precise materials to be disclosed (¶ 4(b)). If RapidShare objects, Perfect 10 may not make the disclosure without first obtaining a court order.

These conditions violate the attorney work-product doctrine in that they require Perfect 10's attorneys to divulge to RapidShare their mental impressions, conclusions, opinions, or legal theories concerning the litigation. Fed. R. Civ. P., Rule 26(b)(3)(b). For example, Perfect 10 may retain a consultant regarding computer systems to assist it in developing theories underlying RapidShare's defenses that it does not upload copyrighted materials.   By forcing Perfect 10 to divulge its retention of the consultant and the types of documents provided to the consultant, RapidShare will unfairly gain access to opposing counsel's mental impressions, conclusions, opinions and legal theories.

### D. RapidShare's Smear Campaign of Dr. Zada Should Be Disregarded

Despite the fact that the Court determined that Dr. Zada is entitled to review all documents unless RapidShare produces evidence of a violation of protective order, RapidShare nevertheless continues to smear Dr. Zada based upon claims that RapidShare knows to be untrue, regarding supposed statements to a reporter, and which have already been fully briefed and considered by the Court. *See* Reply Declaration of Dr. Norman Zada in Support of Perfect 10, Inc.'s Motion for Preliminary Injunction, ¶ 20 (Doc. No. 43-1.)

In fact, it is RapidShare's credibility that should be questioned, not Dr. Zada's. On May 19, 2010, Senator Orin Hatch and the Congressional International Anti-Piracy Caucus unveiled the 2010 International Piracy Watch List. RapidShare was named as one of the six "priority" websites that is involved in providing access to unauthorized copies of copyrighted works made by U.S. creators. *See* Zada Decl. Ex. 1, p. 1. Christian Schmid, RapidShare's CEO, subsequently criticized the U.S. Congress for its characterization of RapidShare as a notorious illegal website. *Id*. p. 2.

Dr. Zada has no intention of violating any protective orders and recently declined an interview regarding this case. Zada Decl. ¶ 4.

### III. CONCLUSION

In light of Judge Huff's May 17, 2010 ruling which recognized Dr. Zada as having a unique significance to the prosecution of the case, and which allowed Dr. Zada to see all documents in the case, there is no place for a TCO designation in the protective order. Alternatively, even if a TCO designation provision was necessary, it must be drafted to put the burden on the designating party to obtain court approval prior to the designation. Furthermore, paragraphs 4 and 5 of RapidShare's version of the protective order allow RapidShare to improperly seek to access Perfect 10's attorney's work product.

1  Perfect 10 respectfully requests that the Court enter Perfect 10's proposed
2  protective order, which addresses the issues raised herein.

Dated: May 28, 2010        KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP.

                           By: _/s/ Eric J. Benink_____
                               Eric J. Benink
                               Attorney for Plaintiff Perfect 10, Inc.
                               eric@kkbs-law.com