```
1  GREENBERG TRAURIG, LLP
   IAN C. BALLON (SBN 141819)
2  WENDY M. MANTELL (SBN 225544)
3  LORI CHANG (SBN 228142)
   2450 Colorado Avenue, Suite 400E
4  Santa Monica, CA 90404
   Telephone: (310) 586-7700
5  Facsimile: (310) 586-7800
   Email:  ballon@gtlaw.com, mantellw@gtlaw.com,
6  changl@gtlaw.com
7
   Attorneys for defendant RapidShare AG
8
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| PERFECT 10, INC., a California corporation, | CASE NO. 09 CV 2596 H (WMC) |
|---|---|
| Plaintiff, | **DEFENDANT RAPIDSHARE'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| RAPIDSHARE A.G., a corporation, and DOES 1 through 100, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | DATE FILED:   November 18, 2009<br>TRIAL DATE:   None Set |

Defendant RapidShare AG ("RapidShare") answers the Complaint filed by Plaintiff Perfect 10, Inc. ("Perfect 10"), as follows:

## JURISDICTION AND VENUE

1. Answering paragraph 1 of the Complaint, RapidShare admits that this Court has subject matter jurisdiction over this lawsuit.

2. Answering paragraph 2 of the Complaint, RapidShare denies that venue is proper in this District for the reasons set forth in RapidShare's Motion to Dismiss for Forum Non Conveniens.

3. Answering paragraph 3 of the Complaint, RapidShare denies the allegations in paragraph 3 of the Complaint for the reasons set forth in RapidShare's Motion to Dismiss for Lack of Personal Jurisdiction.

## THE PARTIES

4. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 4 of the Complaint, and on that basis denies them.

5. Answering paragraph 5 of the Complaint, RapidShare admits that it owns, operates and/or controls rapidshare.com and rapidshare.de, though the website located at rapidshare.de now redirects to rapidshare.com.  RapidShare denies the remaining allegations in paragraph 5 of the Complaint.

6. RapidShare denies the allegations in paragraph 6 of the Complaint.

7. RapidShare lacks sufficient knowledge or information to admit the allegations in the first sentence of paragraph 7 of the Complaint, and on that basis denies them.  RapidShare denies the remaining allegations in paragraph 7 of the Complaint.

8. RapidShare denies the allegations in paragraph 8 of the Complaint. Moreover, this paragraph is now moot, as Defendants Christian Schmid and Bobby Chang are dismissed from this action.

## THE BUSINESS OF PERFECT 10

9. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 9 of the Complaint, and on that basis denies them.  Upon

information and belief, Perfect 10 began as a vanity business for its founder, Norm Zada, who was less concerned about making money than he was trying to create a lifestyle modeled after Hugh Hefner and the Playboy mansion. Upon further information and belief, Perfect 10 has been losing money since the first issue of its magazine was put into circulation in 1997, which failed to get much advertising support and eventually was shut down. Perfect 10 today is a copyright troll that does not conduct a real business. Perfect 10 is a litigation shop where Dr. Zada spends his time prosecuting lawsuits against legitimate businesses for copyright infringement based on the alleged unauthorized reproduction and use of its images by subscribers of Perfect 10's own website who are permitted to make digital copies (and perhaps others). Perfect 10 fails to take reasonable measures to deter infringement and allows -- indeed encourages -- its works to metastasize all over the Internet to afford it a broader range of potential litigation targets. Among other things, Perfect 10 refuses to use copy protection technologies that would thwart infringement and it fails to send takedown notices for extended periods of time (and when it does send notices, it tries to avoid including information that would actually allow for the expeditious removal of allegedly unauthorized files, such as specific files or links to specific files, preferring instead to send pictures of nude models which it knows service providers cannot reasonably use to locate allegedly infringing images). In short, Perfect 10's "business" consists of releasing unprotected images so they can be misused by its own subscribers, lying in wait while the images spread over the Internet and then suing website owners for infringement.

10. RapidShare denies the allegation that Perfect 10's magazine was "well-known." Prior to this lawsuit, RapidShare was unfamiliar with Perfect 10. Upon information and belief, the magazine was not economically viable for reasons unrelated to infringement and as set forth in the Declaration of Frederick Lane, submitted in support of RapidShare's Opposition to Perfect 10's Motion for Preliminary Injunction. RapidShare lacks sufficient knowledge or information to admit the remaining allegations in paragraph 10 of the Complaint, and on that basis denies them.

11.     RapidShare denies the allegation that "rampant infringement" is the cause of Perfect 10's failed endeavor to license downloads of images for cell phones. RapidShare lacks sufficient knowledge or information to admit the remaining allegations in paragraph 11 of the Complaint, and on that basis denies them.

12.     RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 12 of the Complaint, and on that basis denies them.

13.     RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 13 of the Complaint, and on that basis denies them.

14.     RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 14 of the Complaint, and on that basis denies them.  Upon information and belief, Perfect 10's business consists primarily of litigation and has no ongoing business of any consequence apart from its litigation activities.

15.     RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 15 of the Complaint, and on that basis denies them.

16.     RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 16 of the Complaint, and on that basis denies them.

17.     RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 17 of the Complaint, and on that basis denies them.

18.     RapidShare lacks sufficient knowledge or information to admit the allegations in the first sentence of paragraph 18 of the Complaint, and on that basis denies them.  RapidShare denies the allegations in the second sentence of paragraph 18 of the Complaint.

## THE BUSINESS OF RAPIDSHARE

19.     Answering paragraph 19 of the Complaint, RapidShare admits it operates the Internet websites located at rapidshare.com and rapidshare.de, which now redirects to rapidshare.com, and that Mr. Schmid is the administrative and technical contact for the rapidshare.com domain name.  RapidShare denies the remaining allegations in paragraph 19 of the Complaint.

20. RapidShare denies the allegations in paragraph 20 of the Complaint.

21. RapidShare denies the allegations in paragraph 21 of the Complaint.

### FIRST CLAIM FOR RELIEF

22. Answering paragraph 22 of the Complaint, RapidShare incorporates by this reference its responses to paragraphs 1 through 21 of the Complaint, inclusive.

23. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 23 of the Complaint, and on that basis denies them.

24. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 24 of the Complaint, and on that basis denies them.

25. RapidShare denies the allegations in paragraph 25 of the Complaint.

26. RapidShare denies the allegations in paragraph 26 of the Complaint.

27. RapidShare denies the allegations in paragraph 27 of the Complaint.

28. RapidShare denies the allegations in paragraph 28 of the Complaint.

29. RapidShare denies the allegations in paragraph 29 of the Complaint.

30. RapidShare denies the allegations in paragraph 30 of the Complaint.

31. RapidShare denies the allegations in paragraph 31 of the Complaint.

32. RapidShare denies the allegations in paragraph 32 of the Complaint.

33. RapidShare denies the allegations in paragraph 33 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

34. RapidShare denies the allegations in paragraph 34 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

35. RapidShare denies the allegations in paragraph 35 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

36. RapidShare denies the allegations in paragraph 36 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

### SECOND CLAIM FOR RELIEF

37. Answering paragraph 37 of the Complaint, RapidShare incorporates by this reference its responses to paragraphs 1 through 36 of the Complaint, inclusive.

38. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 38 of the Complaint, and on that basis denies them.

39. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 39 of the Complaint, and on that basis denies them.

40. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 40 of the Complaint, and on that basis denies them.

41. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 41 of the Complaint, and on that basis denies them.

42. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 42 of the Complaint, and on that basis denies them.

43. RapidShare denies the allegations in paragraph 43 of the Complaint.

44. RapidShare denies the allegations in paragraph 44 of the Complaint.

45. RapidShare denies the allegations in paragraph 45 of the Complaint.

46. RapidShare denies the allegations in paragraph 46 of the Complaint.

47. RapidShare denies the allegations in paragraph 47 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

48. RapidShare denies the allegations in paragraph 48 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

### THIRD CLAIM FOR RELIEF

49. Answering paragraph 49 of the Complaint, RapidShare incorporates by this reference its responses to paragraphs 1 through 48 of the Complaint, inclusive.

50. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 50 of the Complaint, and on that basis denies them.

51. RapidShare lacks sufficient knowledge or information to admit the allegations in the first sentence of paragraph 51 of the Complaint, and on that basis denies them, as RapidShare does not own, sponsor or otherwise endorse the so-called "Affiliated Infringing Websites." RapidShare denies the remaining allegations in

paragraph 51 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

52. RapidShare denies the allegations in paragraph 52 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

## FOURTH CLAIM FOR RELIEF

53. Answering paragraph 53 of the Complaint, RapidShare incorporates by this reference its responses to paragraphs 1 through 52 of the Complaint, inclusive.

54. RapidShare denies the allegations in paragraph 54 of the Complaint.

55. RapidShare denies the allegations in paragraph 55 of the Complaint.

56. RapidShare denies the allegations in paragraph 56 of the Complaint.

57. RapidShare denies the allegations in paragraph 57 of the Complaint.

58. RapidShare denies the allegations in paragraph 58 of the Complaint.

59. RapidShare denies the allegations in paragraph 59 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

60. RapidShare denies the allegations in paragraph 60 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

## FIFTH CLAIM FOR RELIEF

61. Answering paragraph 61 of the Complaint, RapidShare incorporates by this reference its responses to paragraphs 1 through 60 of the Complaint, inclusive.

62. RapidShare denies the allegations in paragraph 62 of the Complaint.

63. RapidShare denies the allegations in paragraph 63 of the Complaint.

64. RapidShare denies the allegations in paragraph 64 of the Complaint.

65. RapidShare denies the allegations in paragraph 65 of the Complaint.

66. RapidShare denies the allegations in paragraph 66 of the Complaint.

67. RapidShare denies the allegations in paragraph 67 of the Complaint.

68. RapidShare denies the allegations in paragraph 68 of the Complaint.

69. Answering paragraph 69 of the Complaint, RapidShare admits that Perfect 10 sought an injunction and lost.

## SIXTH CLAIM FOR RELIEF

70. Answering paragraph 70 of the Complaint, RapidShare incorporates by this reference its responses to paragraphs 1 through 69 of the Complaint, inclusive.

71. RapidShare lacks sufficient knowledge or information to admit the allegations in paragraph 71 of the Complaint, and on that basis denies them.

72. RapidShare denies the allegations in paragraph 72 of the Complaint.

73. RapidShare denies the allegations in paragraph 73 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

74. RapidShare denies the allegations in paragraph 74 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

75. RapidShare denies the allegations in paragraph 75 of the Complaint.

76. RapidShare denies the allegations in paragraph 76 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

## SEVENTH CLAIM FOR RELIEF

77. Answering paragraph 77 of the Complaint, RapidShare incorporates by this reference its responses to paragraphs 1 through 76 of the Complaint, inclusive.

78. RapidShare denies the allegations in paragraph 78 of the Complaint.

79. RapidShare denies the allegations in paragraph 79 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

80. Answering paragraph 80 of the Complaint, RapidShare incorporates by this reference its responses to paragraphs 1 through 79 of the Complaint, inclusive.

81. RapidShare denies the allegations in paragraph 81 of the Complaint and that Perfect 10 is entitled to any of the relief requested.

82. RapidShare denies the allegations in paragraph 82 of the Complaint.

83. RapidShare admits Perfect 10 seeks the relief described in paragraph 83 of the Complaint, but RapidShare denies that it is entitled to it.

# AFFIRMATIVE DEFENSES

In further Answer to the Complaint, and as set forth below, RapidShare alleges the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to allege facts sufficient to state a claim against RapidShare.

## SECOND AFFIRMATIVE DEFENSE
(DMCA Safe Harbor)

Perfect 10's claims are barred in whole or part by the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## THIRD AFFIRMATIVE DEFENSE
(Substantial Non-Infringing Use)

Perfect 10's claims are barred in whole or part because RapidShare's website has substantial or commercially significant noninfringing activity.

## FOURTH AFFIRMATIVE DEFENSE
(Fair Use)

Perfect 10's claims are barred in whole or part because RapidShare's use, if any, of Perfect 10's copyrighted works constitutes a fair use.

## FIFTH AFFIRMATIVE DEFENSE
(Failure to Register)

Upon information and belief, Perfect 10's claims are barred in whole or part to the extent that Perfect 10 has not properly or timely registered its works.

## SIXTH AFFIRMATIVE DEFENSE
(Standing)

Upon information and belief, Perfect 10 is not the owner or exclusive licensee of some of the copyrights at issue in this action. As a result, Perfect 10's claims are barred, in part, by lack of standing. Perfect 10 further lacks standing to allege violations of third party copyrights as an unfair trade practice.

## SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Perfect 10's claims are barred in whole or part by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Perfect 10's claims are barred in whole or part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Insufficient Notice)

Perfect 10's claims are barred in whole or part by Perfect 10's refusal to provide adequate notice of specific files allegedly posted without authorization.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel)

Perfect 10 is estopped from seeking relief from RapidShare based on its failure to properly protect its works, timely send take down notices and properly identify the allegedly unauthorized works that it contends appeared on RapidShare's system or network, and by failing to reasonably cooperate in RapidShare's efforts to take down any alleged infringing works.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Perfect 10 has failed to mitigate its alleged damages by refusing to take reasonable measures to protect its works and timely or properly identify allegedly unauthorized files in takedown notices and by failing to reasonably cooperate in RapidShare's efforts to take down any allegedly infringing works.

## TWELFTH AFFIRMATIVE DEFENSE

(Excessive Damages)

The statutory damages sought are legally and factually excessive and, if awarded, would violate Due Process..

## THIRTEENTH AFFIRMATIVE DEFENSE

(Laches)

Perfect 10's claims are barred in whole or part by the doctrine of laches because Perfect 10 has delayed taking action or even sending proper and timely notice to RapidShare, despite first learning about allegedly unauthorized files on RapidShare as early as 2005.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Preemption)

Perfect 10's state law claims are preempted by the Communications Decency Act ("CDA") as construed in *Perfect 10, Inc. v. CCBill*, 488 F.3d 1102 (9th Cir.), *cert. denied*, 128 S. Ct. 709 (2007).  Perfect 10's state law claims are further preempted by the Copyright Act.  17 U.S.C. § 301.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Not a Famous Mark)

Perfect 10's dilution and publicity claims are barred in whole or part because Perfect 10 is not a famous mark.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Tarnishment or Blurring)

Perfect 10's trademark claims are barred in whole or part because RapidShare's activities have not caused any tarnishment or blurring.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Damages or Entitlement to Fees)

Perfect 10 has not actually lost any revenue attributable to the alleged conduct of defendants and is not entitled to recover damages or attorneys' fees.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Application of Foreign Law)

Under applicable choice of law principles, plaintiff's claims should be adjudicated under the laws of Germany, where RapidShare's servers are located and the conduct at issue occurred, and Switzerland, where RapidShare itself is based and where documents and emails relevant to the suit are housed.  RapidShare has no liability to Perfect 10 under German and Swiss law.

WHEREFORE, RapidShare prays:

1. That Perfect 10 takes nothing on its Complaint;
2. For costs of suit; and
3. For recovery of its attorney's fees.

DATED:  June 11, 2010                GREENBERG TRAURIG, LLP

                                     By: s/Ian C. Ballon
                                     Attorneys for defendant RapidShare AG
                                     Email:  ballon@gtlaw.com

## DEMAND FOR JURY TRIAL

RapidShare hereby requests a trial by jury.

DATED: June 11, 2010                    GREENBERG TRAURIG, LLP


                                        By: s/Ian C. Ballon
                                        Attorneys for defendant RapidShare AG
                                        Email: ballon@gtlaw.com