GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
WENDY M. MANTELL (SBN 225544)
LORI CHANG (SBN 228142)
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: ballon@gtlaw.com, mantellw@gtlaw.com,
changl@gtlaw.com

Attorneys for defendant and counterclaimant RapidShare AG

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>RAPIDSHARE A.G., a corporation, CHRISTIAN SCHMID; BOBBY CHANG; and DOES 1 through 100, inclusive<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 09 CV 2596 H (WMC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES' JOINT *EX PARTE* MOTION TO VACATE PRIOR RULING IN FURTHERANCE OF THE SETTLEMENT AGREEMENT**<br><br>[Filed concurrently with Notice of Motion and Motion; Declarations of L. Chang and J. Mausner; and Proposed Order]<br><br>CTRM:         13<br>JUDGE:       Hon. Marilyn L. Huff<br><br>DATE FILED:      November 18, 2009<br>TRIAL DATE:      None Set |

CASE NO. 09 CV 2596

## I.    INTRODUCTION

After five months of intense litigation and heavy motion practice, including two motions to dismiss and a preliminary injunction motion, the Parties have reached a settlement agreement that is conditioned on the filing of this joint motion to seek a *limited vacatur* of the Court's prior ruling that RapidShare is subject to specific personal jurisdiction, as set forth in the Court's order dated May 12, 2010 (Doc. No. 60) (the "Jurisdiction Order").[1]  Specifically, the Parties request that the Court vacate merely a portion of its ruling -- Section B of the Jurisdiction Order -- set forth in pages 5-9 under the heading, "Personal Jurisdiction Over RapidShare."  Ninth Circuit authority confirms that the Court has broad discretion to grant this joint request and vacate its own decision in the absence of extraordinary circumstances.  Further, the case law confirms that vacatur is warranted (and even welcomed) when it will promote settlement and judicial economy, as in this case.

## II.   BACKGROUND

### A.    The Court's Prior Ruling Regarding Personal Jurisdiction.

The Court's Jurisdictional Order is an interlocutory ruling and was not certified for publication.

At the outset of this case, Perfect 10 sued RapidShare, a Swiss company, and its principal officers, German citizens who reside in Switzerland.  All three defendants moved to dismiss for lack of personal jurisdiction (Doc. No. 6) ("PJ Motion") and for *forum non conveniens* (Doc. No. 7).  Following oral argument on May 12, 2010, the Court dismissed Perfect 10's claims against the individual defendants for lack of personal jurisdiction, but denied the motion as to RapidShare.  The Court also denied the motion to dismiss for *forum non conveniens*. *See* Docket No. 60 (the "Jurisdiction Order").

In agreeing to settle and dismiss this case with prejudice, RapidShare will be giving up the right to appeal the Court's order finding it subject to personal jurisdiction.  RapidShare, among other things, would have argued that it should not have been found subject to jurisdiction because the allegedly infringing conduct occurred, if at all,[2] on servers located in Germany. *See* 3/23/10 Lutz Pfaff Dec. (Doc. No. 6-2), ¶¶ 7, 14.[3]

---

[1]  "Parties" refers to RapidShare AG ("RapidShare") and Perfect 10, Inc. ("Perfect 10"), collectively.

[2]  RapidShare has repeatedly denied Perfect 10's allegations.

[3]  RapidShare would have argued that it does not advertise on its website or otherwise target California users, and would have sought reversal of the Court's findings that RapidShare purposefully availed itself

1

**B.     The Parties Agreed To Settle On The Condition That They Jointly Move To Vacate The Court's Ruling That RapidShare Is Subject To Personal Jurisdiction.**

The Parties recently agreed to settle their respective claims on terms that are strictly confidential and mutually beneficial to both sides. Chang Dec., ¶ 3; Declaration of J. Mausner ("Mausner Dec."), ¶ 3. This joint request to vacate the Court's prior ruling that RapidShare is subject to personal jurisdiction is a condition of the settlement agreement. Chang Dec., ¶ 3; Mausner Dec., ¶ 3. The Parties do not otherwise seek vacatur of the Court's other rulings contained in the Jurisdiction Order, which granted dismissal in favor of Christian Schmid and Bobby Chang for lack of personal jurisdiction, and denied the *forum non conveniens* motion. Chang Dec., ¶ 3; Mausner Dec., ¶ 3..

The Parties also agreed to seek a stay of all proceedings pending entry of a ruling on this joint motion. Chang Dec., ¶ 4; Mausner Dec., ¶ 4. The settlement agreement was reached while RapidShare's partial summary judgment motion was pending before the Court, and taken off calendar at RapidShare's request as a result of the Parties' settlement. Chang Dec., ¶ 5; *see also* Notice of Settlement and Withdrawal of RapidShare's Partial Summary Judgment Motion (Docket No. 99).

---

of the forum and that the claims arose from forum contacts, by arguing, among other things, that the alleged infringing conduct occurred in Germany because the act of reproduction occurs on a computer, and similarly, any actual act of distribution would have occurred in Germany (though RapidShare maintains that there was no actual distribution). RapidShare would have cited the following cases and made the following arguments: *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993), *cert. dismissed,* 510 U.S. 1033 (1994) (holding that software, data or information is sufficiently fixed to create a copy if it is stored even briefly in a computer's Random Access Memory, or RAM)); *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1162 (9th Cir. 2007) ("Perfect 10 incorrectly relies on *Hotaling . . .* and [*Napster*] for the proposition that merely making images 'available' violates the copyright owner's distribution right."); *see also Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 981-82 (D. Ariz. 2008) ("merely making a copy available does not constitute distribution"; concluding that *Amazon* requires that there be an "actual dissemination" to constitute distribution). Moreover, RapidShare would have argued that third party activity taking place on third-party websites (in violation of RapidShare's Conditions of Use) cannot form the basis of asserting specific jurisdiction over RapidShare, simply because RapidShare's servers host the files alleged to be unauthorized. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.2d 707, 712 (4th Cir. 2002), *cert. denied,* 527 U.S. 1105 (2003) (finding that nonresident Internet service provider was not subject to personal jurisdiction on the basis that it provided the bandwidth for hosting a third-party website that displayed photos alleged to have infringed the plaintiff's copyrights) ("If we were to conclude as a general principle that a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction . . . would no longer exist. The person placing information on the Internet would be subject to personal jurisdiction in every State."); *see also* Declaration of Lori Chang ("L. Chang Dec."), ¶ 6.

2

III.  THE COURT SHOULD GRANT THIS JOINT MOTION IN THE INTERESTS OF FURTHERING THE PARTIES' SETTLEMENT AGREEMENT

A.  **The Court Has Broad Discretion To Vacate Its Prior Ruling.**

Ninth Circuit precedent makes clear that a district court may vacate its own decision in the absence of extraordinary circumstances. *See Am. Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998).[4] Pursuant to Federal Rule of Civil Procedure 54(b), interlocutory orders and court rulings therein are subject to being vacated at any time prior to final judgment. Fed. R. Civ. Proc. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) (Judge Phyllis J. Hamilton) ("The standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) governing vacation of final judgments.").

As further set forth below, courts have found a request for vacatur "equitable" when made in furtherance of a settlement that resolves and brings finality to the lawsuit. *E.g., Auto. Club of S. Cal. v. Mellon Bank (DE) Nat'l.*, 224 F.R.D. 657, 659 (C.D. Cal. 2004) (Judge James Otero) (granting joint motion to vacate prior judgment that was on appeal and to de-publish findings of fact and conclusions of law in prior opinion where it was represented to the court that the motion was "'[a]n integral part of the

---

[4] The opinion in *American Games Inc.* demonstrates that a district court has broad discretion to vacate its own decisions. There, an intervenor appealed a Washington district court's decision, in a dispute between a copyright owner and a third party to vacate a summary judgment ruling in a copyright infringement case that concluded on summary judgment that the product at issue (bingo cards) was not copyrightable. *Id.* at 1166. The intervenor was sued by the copyright owner in a separate lawsuit in which an Iowa district court denied the copyright owner's preliminary injunction motion on the basis of the Washington district court's ruling on summary judgment. *Id.* At the time, the summary judgment ruling was being challenged on appeal. *Id.* Subsequently, the owner and the defendant in the Washington suit reached an asset sale agreement that mooted the appeal as the parties' interests were no longer adverse. *Id.* The parties requested dismissal of the appeal and vacation of the Washington district court's summary judgment ruling, in which the appellate court remanded to the district court to decide the motion to vacate, which was granted on remand. *Id.* At issue in the intervenor's appeal was whether the district court applied the right standard in deciding the vacatur request. *Id.* at 1167. The Ninth Circuit, having surveyed and analyzed decisions discussing the propriety of vacatur when the request is made to a reviewing court to vacate a lower court's decision, concluded that "a district court may vacate its own decision in the absence of extraordinary circumstances." *Id.* at 1168.

3

1 confidential settlement" reached between the parties; stating that "'it is equitable to vacate findings that

2 are no longer subject to appellate review by reason of the corporate defendant's decision to settle the

3 litigation'" (citation omitted)); *see also De La O v. Arnold Williams*, No. CV-04-0192-EFS, CV-05-

4 0280-EFS, 2008 WL 4192033, at *2-3 (E.D. Wash. Aug. 27, 2008) (Judge Edward F. Shea) (granting

5 motion to vacate partial summary judgment order declaring certain laws unconstitutional pursuant to a

6 class settlement agreement that resolved claims brought "to prevent the State child care and fraud

7 inspectors from wrongfully entering and searching day care provider homes and seizing personal

8 documents"); *Adobe Sys. Inc. v. St. Paul Fire and Marine Ins. Co.*, No. C 07 385 JSW, 2008 WL

9 1743879, at *1 (N.D. Cal. Apr. 8, 2008) (Judge Jeffrey S. White) (vacating prior summary judgment

10 order where "as part of the consideration for the settlement, and in view of St. Paul's motion for

11 reconsideration currently pending and the anticipation of the filing of a motion for reconsideration by

12 Adobe, the parties agreed that they would request that the Court vacate [the] [o]rder"); *In re Napster,*

13 *Inc. Copyright Litig.*, No. C-MDL-00-1369(MHP), C-04-1166 (MHP), 2007 WL 844551, at *1 (N.D.

14 Cal. March 20, 2007) (Chief Judge Marilyn Hall Patel) (granting motion to vacate order compelling

15 discovery further to settlement agreement); *U.S. ex rel Lummi Indian Nation v. Washington*, No. C01-

16 0047Z, 2007 WL 3273545, at *9 (W.D. Wash. Nov. 2, 2007) (Judge Thomas S. Zilly) (consenting to

17 vacate prior orders after settlement agreement between parties is finalized and approved); *U.S. Gypsum*

18 *Co. v. Pacific Award Metals, Inc.*, No. C 04-04941 JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3,

19 2006) (Judge Jeffrey S. White) (granting joint motion to vacate prior patent claim construction order and

20 prior summary judgment where the request was made "[p]ursuant to the terms of [the parties'

21 settlement] agreement").

22 **B.    The Equities Favor Granting This Limited Request For Vacatur.**

23        Equitable considerations also favor granting this joint motion. *See De La O v. Arnold Williams,*

24 2008 WL 4192033, at *3 ("A court has complete power over interlocutory orders made therein and has

25 authority to revise them when it is 'consonant with equity' to do so."); *see also Auto. Club of S. Cal.,*

26 224 F.R.D at 659 (stating that upon a request for vacatur, a district court considers "'the competing

27 values of finality of judgment and right to relitigation of unreviewed disputes'" (quoting *Ringsby Truck*

28 *Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)); *U.S. Gypsum Co.,*

4

1  2006 WL 1825705, at *1 (stating same and concluding "[i]n this case, however, the claims construction

2  order and order granting summary judgment were interlocutory in nature and did not fully adjudicate the

3  rights and claims of the parties," and therefore "they can be vacated at any time prior to final

4  judgment"). The court in *De La O* emphasized that certain factors should be evaluated when

5  considering a request for vacatur:

6
7
8
9
10
11
12

> In considering vacatur of its ruling(s), a district court should evaluate whether all parties involved in the ruling(s) request and agree to vacatur as a condition of a proposed settlement of the action; whether the ruling(s) held a law or regulation unconstitutional and, if so, what public interest inheres in the ruling; whether laws or regulations have been enacted that remedy the constitutional defect found by the judge thereby securing the public interest in the constitutionality of the laws; whether a former party to the action would be adversely affected by vacatur; and whether the costs of continuing the action with uncertain results are outweighed by the benefits of the proposed settlement of the action.

13 *Id.*, at *1. Here, all of these factors weigh in favor of granting the parties' joint motion.

14  ***Vacatur is warranted when it promotes settlement and judicial economy.*** *See U.S. Gypsum*

15 *Co.*, 2006 WL 1825705 at *1 ("[T]he agreement to file the instant motion [to vacate the court's rulings

16  on claim construction and summary judgment] was a significant factor in successfully resolving this

17  litigation."). This joint motion is brought as a condition of the Parties' confidential settlement

18  agreement (which was also reached prior to a ruling on RapidShare's partial summary judgment motion)

19  and on that basis, the Court should grant the motion in furtherance of the settlement.

20  ***The Court's grant of this joint motion will not disturb any other prior rulings or impact any***

21  ***binding precedent.*** The Parties seek only a partial vacatur of the Jurisdiction Order insofar as the Court

22  concluded that RapidShare is subject to personal jurisdiction, and does not otherwise seek to disturb the

23  other rulings contained in that order. Further, the portion of the order at issue is interlocutory in nature,

24  part of an unreported decision, and has no precedential value. Vacatur in this instance would not

25  conflict with any appellate decisions or other prior rulings (indeed, prior to this lawsuit, RapidShare was

26  never a party named and served in a U.S. lawsuit). *See IBM Credit Corp. v. United Home for Aged*

27 *Hebrews*, 848 F. Supp. 495, 497 (S.D.N.Y. 1994) ("Unlike an appellate court [order]..., district court

28  decisions are not treated as binding precedents in other cases ... [and] have influence only to the extent

5

1  that jurists in other cases find them convincing."); *Nat'l Union Fire Ins. Co. of Pa. v. Cohen*, No. 92-

2  CIV-9500, 1997 WL 639260 (S.D.N.Y. Oct. 16, 1997) (not reported) (vacating judgment where

3  "vacatur will not have a vital impact on the development of decisional law," in part because "unlike an

4  appellate court, district court decisions are not treated as binding precedent in other cases"); *see also*

5  Chang Dec., ¶ 6 (due to the settlement, RapidShare will not seek an appeal of the personal jurisdiction

6  ruling).

7        ***Lastly, the limited vacatur will not prejudice any other party.*** The Court's prior ruling involved

8  only RapidShare and Perfect 10 (i.e., the moving parties), and the only other parties that were at one

9  time involved in this lawsuit were RapidShare's own officers (Christian Schmid and Bobby Chang, who

10  has since left the company), and are parties who would not be prejudiced by the requested vacatur. The

11  settlement agreement resolves all claims by and between the only parties that remain in this lawsuit.[5]

12  **IV.    CONCLUSION**

13        For the foregoing reasons and in furtherance of the Parties' settlement, the Court should grant the

14  Parties' joint request for vacatur of its prior ruling that RapidShare is subject to specific personal

15  jurisdiction.

16

17  DATED: July 23, 2010                GREENBERG TRAURIG, LLP

18

19                                 By: s/Lori Chang
                                  Attorneys for defendant and counterclaimant

20                                    RapidShare AG
                                  Email: changl@gtlaw.com

21

22

23  ––––––––––––––––––––––
  [5] No party other than Perfect 10 (the co-moving party) has asserted a claim against RapidShare in this

24  case. Indeed, RapidShare has not been served with any other complaint for a U.S. lawsuit. That there
may be other plaintiffs who seek to sue RapidShare in California or elsewhere in the United States is not

25  only immaterial, but a factor that justifies vacatur when it promotes settlement. *See Major League*

26  *Baseball Props., Inc. v. Pac Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998) (vacating district
court order denying preliminary injunction because the plaintiff "had to be concerned about the effect of

27  the district court's decision in future litigation with alleged infringers" and vacatur thus "was a
necessary condition of settlement"); *Motta v. Dist. Dir. of INS*, 61 F.3d 117, 118-19 (1st Cir. 1995) (per

28  curiam) (vacating order where INS, a "repeat player before the courts," could not settle without vacatur
of order that might be cited as preclusive in subsequent litigation).

MEMORANDUM IN SUPPORT OF JOINT MOTION TO VACATE

1  DATED:  July 23, 2010

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF JEFFREY N. MAUSNER

By: *Jeffrey N. Mausner*

JEFFREY N. MAUSNER
Attorneys for plaintiff and counter-defendant Perfect 10, Inc.
Email:  Jeff@Mausnerlaw.com

CASE NO. 09 CV 2596

MEMORANDUM IN SUPPORT OF JOINT MOTION TO VACATE